■ In the Matter of Elvin Perez, Petitioner, v Thomas A. Coughlin, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was charged with violating prison disciplinary

rule 100.10 (7 NYCRR 270.1 [b] [1] [i]) in that he held inmate Rafael Cruz while the latter was being stabbed by another inmate. A Tier III Superintendent's hearing was presided over by respondent Deane Cooke, who had been designated to act as the Hearing Officer by respondent Superintendent Daniel A. Senkowski pursuant to 7 NYCRR 254.1; Cooke, a civilian employee of the Department of Correctional Services, was one of four civilians enlisted by the Department to participate in a pilot project aimed at improving the conduct at Superintendent's proceedings. Relying upon the testimony of the victim, Cooke found petitioner guilty and sentenced him to 18 months of keeplock, loss of good time and various privileges, based upon a finding that the assault appeared to be part of an extortion scheme. That determination was affirmed by respondent Commissioner of Correctional Services, and this CPLR article 78 proceeding by petitioner ensued.

Initially, we note that the victim's testimony, without more, provides ample support for the Commissioner's determination *(see, Matter of Vogelsang v Coombe,* 105 AD2d 913, *affd* 66 NY2d 835), and, inasmuch as the confidential information alluded to in the misbehavior report identifying petitioner as one of the assailants was not relied upon, nor even mentioned at petitioner's hearing, it was not necessary to divulge that information or articulate a basis for keeping it confidential *(cf., Matter of Boyd v Coughlin,* 105 AD2d 532, 533). As for petitioner's complaint that no reason was given on the record for the appointment of a civilian Hearing Officer, it suffices to note that no such requirement exists *(see, Matter of Gonzales v LeFevre,* 105 AD2d 909, 910). Moreover, a timely objection, had it been made, would have enabled the Hearing Officer to cure any perceived error.

There is merit, however, in petitioner's contention that Cooke erroneously relied upon an uncharged and unproven extortion scheme in arriving at the penalty imposed. Respondents willingly concede that the Hearing Officer erred in this respect for nothing in the record indicates the existence of any such scheme. Since this error does not pertain to petitioner's guilt of the charged violation, but goes only to the penalty, the appropriate remedy is to remit the matter for a redetermination of the penalty based solely upon petitioner's role in the charged assault.

Determination modified, without costs, by annulling so much thereof as imposed a penalty upon petitioner; matter remitted to respondents for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed.

Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.