In the Matter of Francisco Rivera, Petitioner, v Glenn S. Goord, as Commissioner of the Department of Correctional Services, Respondent. [691 NYS2d 207] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged with violating the prison disciplinary rule that prohibits the unauthorized use of controlled substances as the result of two urinalysis tests which registered positive readings for the presence of opiates. Petitioner challenges the determination of his guilt, asserting, *inter alia*, that it was not based upon substantial evidence. We disagree.

Included in the evidence presented against petitioner at his tier III disciplinary hearing were the misbehavior report, documentation relating to the positive results of the urinalysis tests, and the testimony of the correction officer who authored the misbehavior report and conducted the urinalysis tests. This was sufficient to constitute substantial evidence of petitioner's guilt (*see, Matter of Laraby v Goord*, 244 AD2d 690; *Matter of Bonilla v Coombe*, 221 AD2d 782, *lv denied* 87 NY2d

807). Petitioner asserts that the positive urinalysis test results were false, caused by either his ingestion of food containing poppy seeds or by his consumption of various medications. These averments, however, are wholly unsubstantiated by the record. In fact, they were rebutted by evidence that food embedded with poppy seeds is not permitted in the facility and by the testimony of an expert medical witness that none of petitioner's medications could result in a false positive urinalysis test. We are, accordingly, not persuaded that the urinalysis test results were inaccurate or that there is any basis upon which to disturb the Hearing Officer's determinations on issues of credibility (*see, Matter of Wood v Selsky*, 240 AD2d 876; *Matter of Fleming v Coughlin*, 222 AD2d 835, 836).

Petitioner contends that the Hearing Officer erred by failing to assess the credibility of the confidential informant whose report prompted the urinalysis testing that gave rise to the instant charges of misconduct. This Court, however, has repeatedly held that there is no need for an assessment of an informant's credibility in cases, such as here, where the determination of guilt is based entirely on evidence that is independent of the confidential information which triggered the initial investigation (*see, Matter of Meredith v Coughlin*, 198 AD2d 572). Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.