■ In the Matter of MARIO RUSSO, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [696 NYS2d 88] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits inmates from using controlled substances after two tests performed on petitioner's urine sample taken after a family reunion visit yielded positive results for the presence of opiates. Petitioner maintained that the positive urinalysis test results were false, in that they were caused by alleged ingestion of food containing poppy seeds. Contrary to petitioner's contention, the misbehavior report combined with the testimony adduced at the hearing were sufficient to consti-

tute substantial evidence supporting the charge of drug use (*see, Matter of Kussius v Walker*, 247 AD2d 911, 912). Next, we reject petitioner's argument that the determination must be annulled based upon the Hearing Officer's failure to telephone a SYVA employee in an attempt to verify petitioner's claim that ingestion of poppy seeds could produce a false positive test result. Assuming, arguendo, that this objection was properly preserved, any error was harmless, inasmuch as the Hearing Officer credited the testimony of the correction officer in charge of checking the food brought in for petitioner's family reunion weekend to the effect that food containing poppy seeds is never permitted in the facility and a visitor would not have been allowed to bring in the bag of rolls with poppy seeds that petitioner claims was consumed during the visit (*see, Matter of Rivera v Goord*, 261 AD2d 754; *Matter of Marano v Goord*, 247 AD2d 797). Petitioner's remaining claims, including his assertion that he was denied his right to call a friend who was present at the family reunion weekend as a witness and his contention that the Hearing Officer was biased, have been waived due to petitioner's failure to register appropriate objections. In any event, a review indicates that petitioner's claims are without merit.

Mikoll, J. P., Mercure, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.