■ In the Matter of DAVID JONES, Petitioner, v GLENN GOORD, as Commissioner of the Department of Correctional Services, Respondent. [694 NYS2d 814] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the

Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner challenges a determination finding him guilty of threatening another inmate in violation of a prison disciplinary rule.* According to the misbehavior report and the victim's statement, petitioner was identified by the victim as one of two inmates who threatened him because he was an informant against a gang member. This, together with the testimony at the disciplinary hearing, provides substantial evidence to support the determination of guilt (see generally, Matter of Rodriguez v Selsky, 252 AD2d 688; Matter of McGrue v Selsky, 236 AD2d 666, 667). While petitioner denied that he was involved in the incident, this merely created a credibility issue for the Hearing Officer to resolve (see, Matter of McGrue v Selsky, supra, at 667). We are also unpersuaded by petitioner's contention that the misbehavior report is inconsistent with the statement made by the victim, wherein the victim identified petitioner through a photograph array.

Furthermore, we find petitioner's assertion that the Hearing Officer failed to assess the reliability of the informant to be misplaced. Although the victim refused to testify at the hearing, here, unlike matters involving confidential informants, the victim was identified and had submitted a signed statement of the incident identifying petitioner as the perpetrator. Petitioner's remaining contentions, to the extent that they have been preserved for our review, have been found to be without merit.

Cardona, P. J., Yesawich Jr., Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Upon administrative appeal the determination was modified to dismiss the charge of participating in gang activity.