■ In the Matter of ALLEN MORRIS, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Program, et al., Respondents. [694 NYS2d 821] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating a prison disciplinary rule prohibiting inmates from possessing weapons after a search of his cell uncovered a sharpened steel rod in a sneaker under his bed. We reject petitioner's assertion that the misbehavior report contained inadequate detail to provide him

with notice of charge against him because it did not specify exactly where the weapon was found (*see generally*, *Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123). In any event, petitioner testified that he had been informed at the time he was frisked following the discovery of the weapon that it was located in his sneaker.

While petitioner asserts that other inmates had access to the area where the weapon was found, this is insufficient to negate the inference of petitioner's possession given the misbehavior report and testimony presented at the hearing, including that of the correction officer who found the weapon in petitioner's sneaker under his bed, and the inferences to be drawn therefrom. Under these circumstances, substantial evidence supports the determination of guilt (*see*, *Matter of Kennedy v Coombe*, 236 AD2d 726; *Matter of Clark v Coughlin*, 206 AD2d 567). Petitioner's claim that the shank was planted merely presented a credibility issue for the Hearing Officer to resolve (*see*, *Matter of Mendez v Jones*, 176 AD2d 423). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.