■ In the Matter of BIENVENIDO POLANCO, Petitioner, v DONALD SELSKY, as Director of Special Housing, Respondent. [711 NYS2d 259] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with possessing a weapon, refusing a direct order and causing a disturbance in violation of prison disciplinary rules. According to the misbehavior report, when a correction officer, in conducting a search of petitioner's cell, discovered a sharpened metal shank concealed in a jacket hanging at the end of his bed, petitioner loudly accused the correction officer of planting the weapon and refused to comply with several direct orders to remain quiet. Petitioner was found guilty as charged and subsequently commenced this CPLR article 78 proceeding challenging the determination of his guilt. We confirm.

The testimony of the correction officer who searched petitioner's cell and discovered the metal shank, together with the corroborating testimony of the correction officer who witnessed the search, provide substantial evidence of petitioner's guilt (*see, Matter of Linyear v Goord*, 270 AD2d 563; *Matter of Moolenaar v Goord*, 266 AD2d 625, *appeal dismissed* 94 NY2d 900). Petitioner's claim that the metal shank was planted in his coat pocket by the correction officer who conducted the search merely presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Morris v Selsky*, 264 AD2d 925, 926; *Matter of Williams v Selsky*, 257 AD2d 932).

Moreover, we reject petitioner's contention that he was denied the right to observe the search of his cell because he was facing the wall while undergoing a pat frisk at the time the shank was discovered. Petitioner unequivocally testified at the disciplinary hearing that he was facing his cell throughout the entire search and clearly observed the correction officer remove the metal shank from his jacket pocket (*see generally, Matter of Mitchell v Goord*, 266 AD2d 614, 615).

Petitioner's remaining contentions, including his assertions that the Hearing Officer was biased and denied him the right

to call certain witnesses, have been reviewed and rejected as unpersuasive.

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.