■ In the Matter of LAMONT MORALES, Petitioner, v OSSINING CORRECTIONAL FACILITY, Respondent. [718 NYS2d 240] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a disciplinary determination finding him guilty of extortion, making threats, engaging in conduct involving the threat of violence and violating facility correspondence procedures. Initially, we note that the Attorney General concedes, and our review of the record confirms, that there is insufficient evidence to support that part of the determination finding petitioner guilty of violating facility correspondence

procedures, which requires that this charge be annulled and expunged from petitioner's institutional record. Inasmuch as there was no recommended loss of good time and petitioner served the penalty imposed, it is not necessary to remit the matter on this basis for redetermination of the penalty (*see, Matter of Baez v Goord*, 261 AD2d 741, 742).

Turning to the remaining charges, we find substantial evidence in the record to support the determination of guilt. The victim positively identified petitioner through a photograph array and again at the hearing as one of the inmates involved in threatening to kill him and attempting to extort money from him. This, together with the allegation contained in the misbehavior report, provide substantial evidence of petitioner's guilt (*see, Matter of Jones v Goord*, 264 AD2d 891, 892; *Matter of Rodriguez v Selsky*, 252 AD2d 688). Although petitioner denied being involved in any incident related to extortion or threats and points to inconsistencies in the victim's testimony, it was within the province of the Hearing Officer to resolve any credibility issues (*see, Matter of Jones v Goord, supra*, at 892).

Furthermore, although the misbehavior report did not specify the date and time that petitioner threatened the victim, it was sufficiently specific for petitioner to prepare a defense (*see, Matter of Rodriguez v Selsky, supra*). Finally, we reject petitioner's assertion that the penalty imposed was harsh and excessive.

Crew III, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the charge of violating facility correspondence procedures; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.