■ In the Matter of NATHANIEL JACKSON, Petitioner, v LEONARD PORTUONDO, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [721 NYS2d 575] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from using controlled substances after a sample of his urine twice tested positive for the presence of cannabinoids. To the extent that petitioner raises a substantial evidence issue herein, we find that the misbehavior report, together with the positive results of the urinalysis tests and the testimony adduced at the hearing, constitute substantial evidence to support the charge of drug use (*see, Matter of Robertson v Selsky*, 279 AD2d 680). Petitioner's assertion that he urinated in a mislabeled container presented a credibility issue which the Hearing Officer resolved against him (*see, Matter of Jude v Goord*, 277 AD2d 535). Likewise, our review of the record demonstrates that appropriate testing procedures were followed (*see*, 7 NYCRR 1020.4 [d] [2]).

Moreover, inasmuch as the determination of guilt was not based upon the confidential information which prompted the request for petitioner's urine sample, the Hearing Officer was not required to assess the reliability of the confidential informant (*see, Matter of Bradstreet v Goord*, 268 AD2d 832; *Matter of Rivera v Goord*, 261 AD2d 754). Finally, we are unpersuaded that the Hearing Officer was biased and, in any event, petitioner failed to establish that the outcome of the hearing flowed from the alleged bias (*see, Matter of Lawrence v Headley*, 257 AD2d 837).

Cardona, P. J., Peters, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.