■ In the Matter of ROBERT G. CAMPBELL, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [731 NYS2d 275] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the subject of two misbehavior reports, the first of which alleged that he had refused a correction officer's request to provide a urine sample for testing. As a result, petitioner was charged with refusing to obey a direct order and violating urinalysis testing procedures. Following his refusal, petitioner was being frisked when the correction officer observed him putting something in his mouth. The officer alleged that petitioner subsequently admitted that he had swallowed part of a "joint." Having already completed the first misbehavior report, the correction officer then prepared a second report, charging petitioner with interfering with an employee and violating frisk procedures. Petitioner was placed in isolation under close watch for the next 30 hours during which time he expelled what is referred to in the record only as "the contraband."

At the ensuing disciplinary hearing, the two misbehavior reports were introduced in evidence as was the testimony of the correction officer who had written them and who had witnessed the events leading up to the charges. Petitioner was ultimately found guilty of all the charges in both reports.

Petitioner initiated this CPLR article 78 proceeding contending that he should not have been found guilty of the charges in the first misbehavior report, i.e., those relating to his alleged refusal to give a urine sample, because he is incapable of urinating on demand due to a childhood accident that caused him to suffer a urethral stricture. Petitioner states that he explained this to the correction officer at the time he was ordered to produce a urine specimen, however, the officer's response was that he would interpret petitioner's statement as a refusal. The testimony of an inmate witness who was present

in the urinalysis room supported petitioner's version of the incident. He stated that he had heard petitioner inform the correction officer that he was physically unable to produce a specimen and that he had requested that someone be sent from the infirmary to confirm this.*

Pursuant to 7 NYCRR 1020.4 (d) (4), an inmate who has been ordered to give a sample for urinalysis but who represents that he is unable to do so immediately is to be "detained until he is able to provide a urine specimen." The inmate is to be given a period of three hours to provide the sample. If he has failed to do so at the end of this time, he will be considered to have refused to comply and will be subject to the same penalties as if his urine had tested positive for the presence of controlled substances (*see*, 7 NYCRR 1020.4 [d] [4]). It is uncontested in this matter that petitioner was not afforded the requisite three-hour period of time in which to produce a specimen. Instead, the correction officer interpreted petitioner's medical explanation as a refusal to provide a sample and immediately wrote the misbehavior report charging him with refusing to obey a direct order and violating urinalysis testing procedures. In view of this deviation from the requirements of 7 NYCRR 1020.4 (d) (4), we conclude that the determination with respect to the charges set forth in the first misbehavior report must be annulled (*see generally, Matter of Webb v Goord*, 261 AD2d 913; *Matter of Gittens v Goord*, 249 AD2d 622; *cf., Matter of Cunningham v Goord*, 274 AD2d 814).

As to the charges set forth in the second misbehavior report, alleging that petitioner interfered with an employee and violated frisk procedures, substantial evidence in the form of the report itself and testimony given by the correction officer who authored it support the determination of petitioner's guilt (*see, Matter of Jackson v Portuondo*, 281 AD2d 740; *Matter of Robertson v Selsky*, 279 AD2d 680).

Cardona, P. J., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating the prison disciplinary rules that prohibit refusing to obey a direct order and violating urinalysis testing procedures; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional records; and, as so modified, confirmed.

---

* Although respondent asserts that petitioner waived this issue by making no mention of it before the Hearing Officer, the presentation of testimony from this inmate witness belies that contention as does petitioner's statement at the hearing that his medical records would support his assertions regarding the limitations imposed by his urethral stricture.