■ In the Matter of WILLIAM McKETHAN, Appellant, v DONALD SELSKY, as Director of the Special Housing Unit/Inmate Disciplinary Program, Respondent. [747 NYS2d 127]

Petitioner was found guilty of violating the prison disciplinary rules prohibiting inmates from refusing to obey a direct order and misusing state property. According to the record on appeal, property had been reported missing from the facility's law library, motivating correction officers to search the cells of inmates who, like petitioner, held library jobs. Prior to the search of his cell, petitioner was handcuffed and stationed in an area where he could observe the search. He then began shouting that the search was an example of the way black inmates were singled out for mistreatment by white correction officers. When petitioner ignored the officer's repeated orders to desist, he was removed from the immediate area. The search continued and led to the discovery of office supplies taken from the law library and legal documents belonging to other inmates. Also found were multiple copies of various documents for which petitioner had no receipts, indicating that he had made the copies without authorization on the library copying machine.

Supreme Court confirmed the determination of petitioner's

guilt, giving rise to this appeal. Petitioner's sole contention before this Court is that the administrative determination of his guilt should be annulled because there was no showing that he had made a knowing and intelligent waiver of his right to observe the search of his cell. Under the circumstances presented, however, this contention is unpersuasive. An inmate's right to be present during a cell search is contingent upon his acceptable conduct (see Matter of Gonzalez v Wronski, 247 AD2d 767). If, however, "the inmate presents a danger to the safety and security of the facility, the inmate shall be removed from the area and not allowed to observe the search" (Department of Correctional Services Directive No. 4910 [V] [C] [1]). Here, the reporting officer stated that while petitioner was present observing the search, he shouted incendiary comments within the earshot of fellow inmates, increasing the potential for conflict between inmates and correction officers and jeopardizing the security of the facility. By this disruptive conduct, petitioner waived his right to be present during the search.

Petitioner gave contrary testimony, alleging that he did not raise his voice at any time during the incident in question. This discrepancy presented an issue of credibility for resolution by the Hearing Officer (see Matter of Polanco v Selsky, 274 AD2d 884; Matter of Morris v Selsky, 264 AD2d 925, 926). Petitioner's remaining contentions have been reviewed and found to be without merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.