■ In the Matter of Luis MORALES, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [747 NYS2d 607] —Lahtinen, J.

Petitioner, an inmate, was found to be in possession of heroin and $210 in United States currency. He was charged in an August 13, 2000 misbehavior report with possession of drugs and unauthorized property and was found guilty of both charges following a disciplinary hearing. However, on November 29, 2000, that determination was administratively reversed and a rehearing was ordered to be conducted within 14 days. The rehearing commenced December 12, 2000 and, following two extensions, was completed on December 19, 2000. Petitioner was again found guilty of both charges. The determination of guilt was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, inasmuch as the Attorney General has conceded that all relevant documentation concerning the positive drug tests may not have been provided to petitioner or made a part of the record, that portion of the determination finding him guilty of drug possession is annulled and we need not address petitioner's arguments regarding this charge. However, remittal for a redetermination of the penalty is not necessary since no loss of good time was recommended and petitioner served the penalty imposed (see Matter of Morales v Ossining Correctional Facility, 278 AD2d 725, 726).

As for that part of the determination finding petitioner guilty of possession of unauthorized property, we find that substantial evidence supports this charge. The misbehavior report discloses that $210 was recovered from petitioner's cell and the record contains photocopies of the bills in question. Significantly, petitioner admitted to possessing at least $180, well in excess of the amount of currency an inmate is authorized to have (see 7 NYCRR 270.2 [B] [14] [vii]). Petitioner's assertion that $30 was planted by correction officers presented an issue of cred-

ibility for the Hearing Officer to resolve (see Matter of Nijman v Goord, 294 AD2d 737, 737; Matter of Butler v Goord, 265 AD2d 715).

Moreover, we find no merit to petitioner's claim that he was denied the opportunity to be present during the search of his cell. Various correction officers testified that petitioner was returned to his cell for the search and was present when the currency was recovered. Consequently, we find no violation of Directive 4910 (V) (C) (1).

Lastly, we reject petitioner's challenge to the timeliness of the rehearing. Although the rehearing was conducted more than seven days after the date of the misbehavior report, this was authorized by a designee of the Commissioner of Correctional Services in the memorandum administratively reversing the prior determination which directed that the rehearing be conducted within 14 days of the date of the reversal (see 7 NYCRR 251-5.1 [a]). Moreover, the fact that the rehearing was not completed within the 14-day period provided by 7 NYCRR 251-5.1 (b) is not a reason for completely annulling the determination given that this provision is directory in nature (see Matter of Shannon v Goord, 284 AD2d 680, 680; Matter of Byas v Goord, 272 AD2d 800, lv denied 95 NY2d 765) and petitioner was not prejudiced since the conclusion of the rehearing was delayed to accommodate his request for additional witnesses.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the charge of possession of drugs; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.