■ In the Matter of GORDON BARGER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [753 NYS2d 408] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Substantial evidence in the record supports the determination finding petitioner guilty of violating the prison discipli-

nary rule against unauthorized possession of a controlled substance. The misbehavior report and testimony at the hearing established that three bags of a white powdery substance, later identified by laboratory tests as heroin, were found on petitioner's desk. It was for the Hearing Officer to resolve any conflict in testimony as to whether petitioner's cell door remained open while he was away from his cell thereby allowing another inmate to possibly plant the drugs on petitioner's desk (*see Matter of Mendez v Jones*, 176 AD2d 423). To the extent that petitioner claims he did not observe the entire search of his cell, testimony established that the correction officer who authored the misbehavior report motioned for petitioner's cell to be opened and petitioner was immediately escorted to his cell. Although there is conflicting testimony as to whether the search began prior to petitioner arriving at the cell, this created a credibility issue for the Hearing Officer to resolve (*see Matter of Smith v Selsky*, 294 AD2d 629). In view of the foregoing, we reject petitioner's contention that he was denied the right to view the search of his cell (*see Matter of Morales v Selsky*, 297 AD2d 894). Even if preserved for our review, we would find petitioner's remaining contentions, including his challenge to the chain of custody of the heroin, to be without merit.

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.