■ In the Matter of KEVIN SMITH, Petitioner, v LEONARD PORTUONDO, as Superintendent of Shawangunk Correctional Facility, Respondent. [766 NYS2d 154] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rules that prohibit disobeying a direct order, tampering with state property and property misuse or damage.* According to the misbehavior report, the charges stem from petitioner's conduct in a general business class wherein he was heard loudly giving his password and user name to another inmate in violation of known class rules. A review of petitioner's computer account reveals that the inmate who received petitioner's password then attempted twice to install templates on the facility's computer server. The record establishes that petitioner was aware that only the instructor or network administrator could install a new program onto the computer, otherwise damage to the computer system could result.

We are unpersuaded by petitioner's assertion that the misbehavior report did not give him adequate notice of the charges. A review of the misbehavior report establishes that the time, date and location of the alleged misconduct is noted, together with a sufficient description of the incident giving rise to the charges. The misbehavior report provided petitioner with sufficient detail to afford him an opportunity to prepare a defense (*see Matter of Quintana v Selsky,* 268 AD2d 624 [2000]; *Matter of La Bounty v Goord,* 245 AD2d 675 [1997], *appeal*

---

\* Petitioner was also charged with and found not guilty of property in an unauthorized area and altered items.

*dismissed* 91 NY2d 1002 [1998]). Furthermore, the misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Foster v Coughlin,* 76 NY2d 964 [1990]). Lastly, despite petitioner's contention to the contrary, we find no error in the Hearing Officer denying petitioner's request to call a witness inasmuch as the witness had no first-hand knowledge of the incident which was the subject of the misbehavior report (*see Matter of Johnson v Goord,* 297 AD2d 881 [2002]; *Matter of Perkins v Goord,* 257 AD2d 821 [1999]).

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

