■ In the Matter of Joseph Ricco, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [772 NYS2d 421]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Elmira Correctional Facility in Chemung County, was charged with smuggling, making false statements, improper facility correspondence and unauthorized legal assistance. The charges stemmed from a January 2002 assault, in which petitioner had no involvement, upon another inmate. It was alleged that petitioner, a clerk in the prison's law library, used the library's inmate information exchange program to smuggle unsolicited affidavits to the victim of the assault while the victim was residing in a special housing unit in an attempt to coerce him into exonerating his attackers. Following a tier III hearing, petitioner was found guilty of all charges except improper facility correspondence. The determination was affirmed upon administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, we agree with petitioner, and respondent concedes, that the charge of providing unauthorized legal assistance to one of the alleged attackers is not supported by substantial evidence and must be annulled. Remittal for a redetermination of the penalty is not necessary, however, as no loss of good time was imposed and it appears that petitioner's penalty has already been served.

Turning to petitioner's remaining contentions, we conclude that the detailed misbehavior report, the Hearing Officer's

personal and confidential interview with the inmate who received the unsolicited materials from petitioner and petitioner's own admission that he personally arranged for the delivery of such materials provide substantial evidence to support the determination of guilt as to the smuggling and false statement charges (*see Matter of Smith v Goord*, 304 AD2d 1012, 1013 [2003]; *Matter of Almonte v Goord*, 295 AD2d 715 [2002]). The record belies petitioner's assertion that he was not given adequate notice that confidential information would be considered and further reveals that the Hearing Officer independently assessed this evidence for its reliability and credibility before relying upon it as evidence of petitioner's guilt (*see Matter of Fernandez v Goord*, 304 AD2d 1005, 1006 [2003]; *Matter of Weaver v Goord*, 301 AD2d 770, 770-771 [2003], *lv denied* 100 NY2d 505 [2003]). Petitioner's remaining contentions, including his claim of hearing officer bias, have been examined and found to be lacking in merit.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of providing unauthorized legal assistance; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.