In the Matter of MARCO GONZALEZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [779 NYS2d 602]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

During the course of a tier III disciplinary hearing on a misbehavior report charging petitioner with using drugs, petitioner admitted that he had eaten pretzels containing poppy seeds. He turned the empty pretzel bag, which still contained some loose poppy seeds, over to the Hearing Officer. As a result, he was charged in a second misbehavior report with the possession of contraband. Following a tier III disciplinary hearing, he was found guilty of this charge, and this determination was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.

Petitioner contends that because the pretzels lawfully came through the package room at the prison, he cannot be charged with possessing contraband. We disagree. Rule 113.23, as set forth in the pertinent regulations, states that "[i]nmates shall not be in possession of any contraband items" and that "[c]ontraband is any article that is not authorized by the superintendent or designee" (7 NYCRR 270.2 [B] [14] [xiv]). The Superintendent of the facility where petitioner is incarcerated sent out a memorandum to the inmate population in May 2001, well before the issuance of the second misbehavior report, advising that " 'poppy seeds' and poppy seed products' are not allowed into this facility, as it is considered contraband (rule 113.23)." Notably, poppy seed products are generally not permitted in correctional facilities (see Matter of Russo v Goord, 264 AD2d 889, 890 [1999]; Matter of Marano v Goord, 247 AD2d 797, 798 [1998]). In view of this, the misbehavior report and petitioner's admission that he possessed the empty pretzel bag containing the poppy seeds, substantial evidence supports respondent's determination.

Mercure, J.P., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.