■ In the Matter of DEREK FLETCHER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [790 NYS2d 331]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with stealing state property, possessing contraband and unauthorized materials and improperly storing flammable materials in violation of prison disciplinary rules after a search of his prison cell revealed several items that inmates are proscribed from possessing. Petitioner was found guilty of all charges except the flammable materials offense following a tier III disciplinary hearing, and the determination of his guilt was subsequently upheld on administrative appeal. Petitioner now challenges the determination through this CPLR article 78 proceeding.

Initially, we find, and respondents concede, that the determination finding petitioner guilty of stealing state property is not supported by substantial evidence and, accordingly, must be annulled. The determination need not be remitted for reassessment of the penalty, however, because petitioner has apparently already served it and no loss of good time was imposed (*see Matter of Ricco v Goord*, 4 AD3d 707, 707 [2004], *lv denied* 2 NY3d 707 [2004]). As for the remaining charges, we are satisfied that substantial evidence in the form of the misbehavior report, the testimony of the reporting correction officer who conducted the search of petitioner's cell and the Hearing Officer's on-the-record examination of the items forming the basis for the misbehavior report supports the remaining portion of the determination (*see Matter of Gonzalez v Goord*, 8 AD3d 939, 939 [2004]; *Matter of Morales v Selsky*, 297 AD2d 894, 894 [2002], *appeal dismissed and lv denied* 100 NY2d 531 [2003]). In this regard, we reject petitioner's speculative and unsubstantiated contentions that one of the items found in petitioner's possession was planted by either the Hearing Officer or the correction officer who conducted the search. The Hearing Officer explored this issue by permitting petitioner to question correction officers involved with the search and an inmate who witnessed the search of petitioner's cell. To the extent that this inmate gave testimony that differed from the searching officer's version of events, a credibility issue was presented which the Hearing Officer was entitled to resolve against petitioner (*see Matter of Williams v Goord*, 308 AD2d 614, 615 [2003]; *Matter of Polanco v Selsky*, 274 AD2d 884, 884 [2000]).

Turning to petitioner's procedural claims, we reject his argument of hearing officer bias. To the contrary, the Hearing Offi-

cer repeatedly adjourned the proceedings to answer petitioner's objections and, under the circumstances presented, the fact that the Hearing Officer advised petitioner about his appeal rights when petitioner objected to her rulings in no way indicates that she had prejudged petitioner's guilt before the hearing had closed (*see Matter of Borges v McGinnis*, 307 AD2d 489, 489-490 [2003], *lv denied* 100 NY2d 514 [2003]). Finally, we find no merit to petitioner's contentions that he was denied adequate employee assistance or the right to call witnesses, inasmuch as the record supports the assistant's testimony that he provided meaningful assistance and the requested witnesses were either properly excluded as irrelevant or had provided the Hearing Officer with witness refusal forms explaining their failure to testify (*see Matter of Dabney v Murphy*, 278 AD2d 714, 715 [2000]; *Matter of Maier v Mann*, 187 AD2d 850, 850-851 [1992]).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of stealing state property; petition granted to that extent, respondent Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.