■ In the Matter of DOUGLAS FAYTON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [792 NYS2d 259]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of conspiring to smuggle and steal state property in violation of certain prison disciplinary rules after a fellow inmate identified petitioner as the program clerk who offered to provide stolen Social Security numbers in exchange for cigarettes. The charges stem from an investigation into a letter written by the other inmate wherein he indicated that there was a man working in programs who could give him a Social Security number. We are unpersuaded by petitioner's contention that the misbehavior report is insufficient because it failed to indicate the specific date and time that the incident occurred as required by 7 NYCRR 251-3.1 (c) (3). Although the precise date and time that the offer was made by petitioner was not ascertained, the misbehavior report specifically indicates that the offer to provide Social Security numbers was made during petitioner's performance of his assigned duties as programs committee clerk, which programs generally are scheduled between 8:30 A.M. and 11:30 A.M. Furthermore, testimony at the hearing established that the incident occurred approximately two weeks prior to the issuance of the misbehavior report, which was consistent with how long petitioner had been assigned to the program committee clerk position. Under these circum-

stances, we find that petitioner received adequate notice of the alleged misconduct to afford him sufficient information to prepare an effective response to the charges (*see Matter of Sheppard v Goord*, 292 AD2d 694, 696 [2002]; *Matter of Camacho v Goord*, 284 AD2d 678 [2001]; *Matter of Shannon v Goord*, 282 AD2d 909, 910 [2001]; *Matter of Morales v Ossining Correctional Facility*, 278 AD2d 725 [2000]; *Matter of Knight v Goord*, 267 AD2d 523 [1999], *lv denied* 94 NY2d 760 [2000]). Furthermore, the misbehavior report and the corroborating testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Colon v Selsky*, 296 AD2d 682 [2002]).

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.