In the Matter of CECIL BROWN, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [795 NYS2d 407]—

Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered July 20, 2004 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of disobeying a direct order and violating urinalysis testing procedures. The misbehavior report relates that shortly after being ordered to submit a urine sample, petitioner was informed that he had a visitor. When petitioner indicated his desire to go on the visit, he was informed that leaving the area would constitute a refusal to submit a urine sample and that he may incur the same disciplinary disposition that a positive urinalysis result could have supported. After petitioner unsuccessfully tried to negotiate another time to submit his urine sample, he became agitated and

again expressed his desire to go on the visit. The consequences of leaving the area were reiterated to petitioner. Thereafter, petitioner left the area to attend his visit and his decision to do so was interpreted as a refusal to submit a urine sample.

We are unpersuaded by petitioner's contention that because he was not given three hours in which to submit a urine sample in accordance with 7 NYCRR 1020.4 (d) (4) the determination must be annulled. This regulation provides that an inmate who is unable to immediately provide a urinalysis sample in response to an order to do so will be permitted up to three hours in which to provide such sample. Here, it was not petitioner's inability to provide the urine sample that led to the misbehavior report but, rather, his decision, after being informed of the consequences, to leave the area and attend a visit prior to the expiration of the allotted three-hour period. Inasmuch as petitioner's conduct was appropriately construed as a refusal to submit the requested urine sample (*see* 7 NYCRR 1020.4 [c]), we find no reason to disturb the determination (*compare Matter of Campbell v Goord,* 287 AD2d 842 [2001]). Petitioner's remaining contentions have been reviewed and are without merit.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.