■ In the Matter of EARNEST VINES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [798 NYS2d 526]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with possessing contraband classified as a weapon and an authorized item which had been altered. The charges arose after correction officer D. Tinucci, acting on an anonymous note, searched petitioner's cube and recovered from his locker a folded can lid attached to a handle made of masking tape. Following a tier III disciplinary hearing, petitioner was found guilty of both charges and a penalty was imposed. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding by petitioner ensued.

We confirm. To the extent that petitioner raises a substantial evidence issue, we find that the misbehavior report and the testimony of the authoring correction officer, together with the documentary evidence presented at the hearing, provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Cummings v Goord*, 10 AD3d 748, 749 [2004]).

Turning to petitioner's procedural claims, having raised the issue both at the hearing and on his administrative appeal, petitioner preserved his challenge to Tinucci's search of his cube (*compare Matter of Cayenne v Goord*, 16 AD3d 782, 783 [2005]; *Matter of Di Rose v New York State Dept. of Correction*, 228 AD2d 868, 869 [1996]). Pursuant to Department of Correctional Services Directive No. 4910 (V) (C) (1) (formerly No. 4910 [IV] [C] [1]), where a search of a general confinement housing unit cell is conducted and the inmate is removed from the cell prior to the search, the inmate shall be placed outside of the immediate area to be searched but allowed to observe the search unless he or she is believed to present a danger to the safety and security of the facility. The record reveals that, upon receiving notice of the anonymous note, correction officer A. Strasser located petitioner in his cube, took him into the foyer area, pat frisked him for contraband and then released him to the mess hall. Although petitioner testified that he did not intend to go to the mess hall at that time and that Strasser instructed him to do so, the Hearing Officer was entitled to accord greater weight to Strasser's testimony indicating that petitioner told him he was going to the mess hall before the frisk occurred and did not request to stay in his cube. Thus, we find his claim under Directive No. 4910 to be unavailing (*see Matter of Mitchell v Goord*, 266 AD2d 614, 615 [1999]; *compare Matter of Johnson v Goord*, 288 AD2d 525, 525 [2001]; *Matter of Gonzalez v Wronski*, 247 AD2d 767, 768 [1998]).

We likewise reject petitioner's claim under 7 NYCRR 251-3.1 (c) (1) and (3) that the misbehavior report did not include a suf-

ficiently detailed account of the incident. Notwithstanding minor discrepancies in the record regarding the time and sequence in which the incident unfolded, we find that the misbehavior report as a whole gave petitioner adequate notice of the nature of the charges to allow him to prepare a meaningful defense (*see Matter of Fayton v Goord*, 17 AD3d 753, 753-754 [2005]; *Matter of Sepe v Goord*, 1 AD3d 667, 667-668 [2003]; *Matter of Hayes v Goord*, 284 AD2d 813, 814-815 [2001], *lv denied* 97 NY2d 603 [2001]). Petitioner's claim that these discrepancies indicated that he was "set up" by correction officers in retaliation for his filing of a grievance against an officer who was not involved in the investigation created a credibility issue for the Hearing Officer to resolve (*see Matter of Toomer v Goord*, 290 AD2d 860, 860 [2002]; *Matter of Marcelin v Selsky*, 289 AD2d 752, 753 [2001]).

Next, we are unpersuaded by petitioner's claim that his employee assistant was ineffective because he failed to interview all of the witnesses requested or obtain specific documents. Certain witnesses requested by petitioner either played no role in the incident or refused to testify, and petitioner was advised of the reasons underlying his inability to call them. Moreover, the hearing was adjourned in order to allow petitioner to obtain and review additional documents which he requested, and he made no showing that his case was prejudiced by the documents he was unable to obtain (*see Matter of Cayenne v Goord, supra* at 783).

We have examined petitioner's remaining contentions, including that the conduct of the Hearing Officer was improper and that his penalty is excessive, and find them to be without merit.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.