■ In the Matter of KEVIN BAILEY, Petitioner, v JAMES J. WALSH, as Superintendent of Sullivan Correctional Facility, Respondent. [819 NYS2d 348]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II hearing, petitioner, a prison inmate, was found guilty of refusing a direct order, making false statements, making threats and misusing property in violation of prison

disciplinary rules. The charges stemmed from an incident during which petitioner, a clerk in the facility's law library, refused to comply with a correction officer's directive that he print and delete his personal legal work from the law library computer. Upon administrative review, respondent upheld the determination, prompting petitioner to commence this proceeding.

We confirm. The misbehavior report, together with the testimony of the authoring correction officer and an inmate witness who was present during the incident, provide substantial evidence in support of the determination (*see Matter of Modlenaar v Goord*, 21 AD3d 1190, 1190-1191 [2005]; *Matter of Smith v Portuondo*, 309 AD2d 1028, 1029 [2003]). To the extent that petitioner argues that the charges were brought against him in retaliation for his filing of grievances, the record contains no support for this proposition and, in any event, the Hearing Officer was free to credit the hearing testimony which supported the validity of the charges (*see Matter of Brown v Goord*, 17 AD3d 952, 952 [2005]). Contrary to petitioner's assertions, the misbehavior report adequately apprised him of the charges, the date and time of the incident, and provided a sufficient description of the incident to afford him the ability to prepare a defense (*see Matter of Kalwasinski v Goord*, 25 AD3d 1050, 1050-1051 [2006]; *Matter of Smith v Portuondo, supra* at 1028). We have considered petitioner's remaining contentions and find them to be also without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.