In the Matter of Justo Nieves, Petitioner, v Glenn Goord, as Commissioner of Correctional Services, Respondent. [835 NYS2d 510]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with a violation of the rule prohibiting the sale, possession or exchange of a controlled substance. After a tier III disciplinary hearing, petitioner was found guilty. Petitioner commenced this CPLR article 78 proceeding after the determination was affirmed on administrative appeal.

We confirm. The misbehavior report, testimony of the correction officer who authored the report and testimony of an inmate established that the inmate purchased heroin from petitioner. In a written statement, the inmate further stated that petitioner

received the heroin from a visitor and the record established that a woman, who had been sent money by three other inmates, visited petitioner the day before the heroin was purchased. In our view, there was substantial evidence to support the determination of guilt (*see Matter of Thompson v Goord*, 32 AD3d 1097, 1098 [2006]; *Matter of Bailey v Walsh*, 31 AD3d 1088, 1089 [2006]). To the extent that any of the evidence relied upon is hearsay, we find it to be sufficiently relevant and probative to support the determination (*see Matter of Deleon v Goord*, 291 AD2d 607, 608 [2002], *lv denied* 98 NY2d 610 [2002]).

Petitioner's argument that the Hearing Officer failed to independently assess a confidential informant's reliability is misplaced; the Hearing Officer did not rely upon information provided by the informant in making the determination (*see Matter of Perez v Coombe*, 224 AD2d 1035, 1036 [1996], *lv denied* 88 NY2d 804 [1996]; *Matter of Perez v Coughlin*, 145 AD2d 875, 876 [1988]). Further, the record establishes that a sufficient inquiry was made regarding the refusal of witnesses to testify (*see Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]), and the Hearing Officer properly refused to call witnesses whose testimony would be redundant or irrelevant (*see Matter of Davis v Goord*, 34 AD3d 1027, 1028 [2006]). Finally, nothing in the record supports petitioner's contention that the Hearing Officer was biased or that the determination flowed from such alleged bias (*see Matter of Huggins v Goord*, 28 AD3d 891, 892 [2006]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.