■ In the Matter of EDWIN WEBB, Petitioner, v LUCIEN LECLAIRE, as Commissioner of Correctional Services, Respondent. [862 NYS2d 129]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of respondent which

found petitioner guilty of violating certain prison disciplinary rules.

In July 2006, petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting the use of a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. Following a tier III disciplinary hearing, he was found guilty of that charge.

In October 2006, petitioner was charged in a misbehavior report with obstructing the visibility into his cell, misusing state property and interfering with an employee after it was discovered that the night light in his cell had been covered with both paper and carbon paper. Following a tier III disciplinary hearing, he was found guilty of all charges.

In November 2006, petitioner was charged in a misbehavior report with disobeying a direct order, creating a disturbance, conduct involving the threat of violence, making threats, interfering with an employee and harassing an employee. These charges stemmed from petitioner refusing to comply with a correction officer's request to return certain milk and juice containers and to remove an unauthorized article of clothing, and then becoming abusive with the officer and threatening him with physical harm. Following a tier III disciplinary hearing, he again was found guilty of all charges. After petitioner exhausted his administrative remedies involving all three disciplinary determinations, he commenced this CPLR article 78 proceeding.

We confirm. With regard to the determination of guilt of using a controlled substance, the misbehavior report, the positive urinalysis test results and the hearing testimony provide substantial evidence of petitioner's guilt (see Matter of Hoover v Goord, 38 AD3d 1069, 1070 [2007], lv denied 8 NY3d 816 [2007]). Petitioner's defense that prescription medicine caused a false positive test result was refuted by evidence that petitioner was not on prescribed medication at the time of the test and, even if he had ingested the medication, it would not have resulted in a positive test result for cannabinoids. This presented a credibility issue for the Hearing Officer to resolve (see Matter of Wolfgang v Goord, 43 AD3d 1262, 1263 [2007]). We also find that the record reflects that the Hearing Officer properly refused to call a witness requested by petitioner, whose testimony regarding the possibility of a false positive test result would have been redundant (see Matter of Nieves v Goord, 39 AD3d 1104, 1105 [2007]).

Regarding the determinations based on the October 2006 and November 2006 incidents, we are convinced that the misbehavior reports, as well as the testimony presented at the hearing,

provided substantial evidence of petitioner's guilt (*see Matter of Rivera v Goord*, 47 AD3d 1141, 1142 [2008]). Finally, the transcripts of all three disciplinary hearings do not substantiate petitioner's claims of hearing officer bias or that the determinations flowed from any alleged bias (*see Matter of Sweet v Poole*, 48 AD3d 867, 868 [2008]).

We have considered petitioner's remaining arguments, to the extent that they have been preserved for our review, and find them to be unpersuasive.

Peters, J.P., Carpinello, Lahtinen and Malone Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.