■ In the Matter of ROBERT NIMMONS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [890 NYS2d 202]—

After receiving a confidential tip that petitioner was carrying a weapon, a correction officer approached petitioner and observed him carrying a wad of tissue paper in his hand. Petitioner initially refused the officer's orders to drop the tissue paper, but eventually complied and a search of the paper revealed a razor blade wrapped in tape and covered by a sheath. Petitioner was charged in a misbehavior report with possessing a weapon and failing to obey a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. This determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The misbehavior report, unusual incident report and the hearing testimony of the correction officers involved in the incident provide substantial evidence supporting the determination of guilt (*see Matter of Page v Fischer*, 64 AD3d 1067, 1067 [2009]; *Matter of Griffin v Goord*, 43 AD3d 591, 591 [2007]). Contrary to petitioner's contention, it was not necessary for the Hearing Officer to independently assess the credibility of the confidential informant inasmuch as the determination of guilt was based upon evidence independent of the confidential information (*see Matter of Kirby v Leclaire*, 47 AD3d 1174, 1175 [2008]; *Matter of Hemphill v Selsky*, 26 AD3d 548, 549 [2006]; *Matter of Folk v Goord*, 307 AD2d 500, 501 [2003]). Finally, petitioner's contention that he was "set up" by correction officers presented a credibility issue for the Hearing Officer to resolve (*Matter of Vines v Goord*, 19 AD3d 951, 953 [2005]; *Matter of Toomer v Goord*, 290 AD2d 860 [2002]).

Mercure, J.P., Spain, Kane, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.