In the Matter of ROLAND CODY, Petitioner, v BRIAN FISCH-ER, as Commissioner of Correctional Services, Respondent. [923 NYS2d 910]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a search of his cell, which was prompted by a report that petitioner had threatened another inmate, petitioner was charged in a misbehavior report with possessing a weapon and outdated medication. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of both charges. The determination was upheld upon administrative review, and petitioner thereafter commenced this proceeding challenging that determination.

The misbehavior report and supporting documentation, unusual incident report and the testimony of involved officers provide substantial evidence to support the determination (*see Matter of Nimmons v Fischer*, 68 AD3d 1311 [2009]; *Matter of Vines v Goord*, 19 AD3d 951, 952 [2005]). Petitioner's testimony that he was set up by correction officers in retaliation for complaints against them created a credibility issue to be resolved by the Hearing Officer (*see Matter of Nimmons v Fischer*, 68 AD3d at 1311; *Matter of Bailey v Walsh*, 31 AD3d 1088, 1089 [2006]).

Petitioner raises several procedural objections. A review of the misbehavior report confirms that it is sufficiently detailed to provide petitioner with notice of the charges and the ability to prepare a defense (*see Matter of Bailey v Walsh*, 31 AD3d at 1089; *Matter of Vines v Goord*, 19 AD3d at 952-953). With regard to the removal of petitioner from the area during the search of his cell, we recognize that, generally, an inmate must be permitted to observe the search (*see Matter of Vines v Goord*, 19 AD3d at 952; *Matter of Gonzalez v Wronski*, 247 AD2d 767, 768 [1998]). However, the record reflects that, in this case, a sergeant made the determination that petitioner posed a potential threat to the safety and security of the facility at that time (*see Matter of Vines v Goord*, 19 AD3d at 952; *Matter of McKethan v Selsky*, 297 AD2d 840, 841 [2002]; *Matter of Gonzalez v Wronski*, 247 AD2d 767, 768 [1998]). Denial of petitioner's request for testimony from additional inmate wit-

nesses was not improper given that their testimony would have been redundant (*see Matter of Warren v Fischer*, 63 AD3d 1466, 1467 [2009]; *Matter of Sowell v Goord*, 295 AD2d 835, 836 [2002]). Petitioner's remaining arguments, including his assertion that the Hearing Officer should have recused himself, have been considered and found to be without merit.

Spain, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.