Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
After a correction sergeant received confidential information that petitioner had a weapon in his cell, his cell was searched and a broken toothbrush with a sharpened tweezer half taped to the handle was discovered secreted between two boxes underneath petitioner’s bed. As a result, petitioner was charged in a misbehavior report with possessing a weapon, possessing an altered item and possessing contraband. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
*789 We confirm. Contrary to petitioner’s claim, we do not find that there are significant gaps in the hearing transcript that prevent meaningful review (see Matter of Povoski v Fischer, 93 AD3d 963, 964 [2012]; Matter of Fragosa v Moore, 93 AD3d 979, 979 [2012]). The misbehavior report and related documentation, together with the testimony of the correction officers involved in the search, provide substantial evidence supporting the determination of guilt (see Matter of Alache v Fischer, 91 AD3d 1240, 1241 [2012]; Matter of Parra v Fischer, 76 AD3d 724, 725 [2010], lv denied 15 NY3d 714 [2010]). While petitioner argues that the Hearing Officer failed to independently assess the credibility of the confidential source, this was not necessary as the determination at issue was not based upon the confidential information but rather upon the evidence establishing that petitioner had a weapon in his cell (see Matter of Nimmons v Fischer, 68 AD3d 1311 [2009]; Matter of Terrence v Fischer, 64 AD3d 1110 [2009]). Likewise, as the report was sufficiently detailed to give petitioner notice of the charges to enable him to prepare a defense, we reject petitioner’s claim that the misbehavior report was defective because it failed to reference the confidential information prompting the search (see Matter of Quezada v Fischer, 85 AD3d 1462, 1462 [2011]; Matter of Cody v Fischer, 84 AD3d 1651, 1651 [2011]). Lastly, petitioner’s claim of inadequate employee assistance has not been preserved for our review (see Matter of Cespedes v New York State Dept. of Correctional Servs., 68 AD3d 1429, 1430 [2009]).
Peters, P.J., Mercure, Malone Jr., Kavanagh and Egan Jr., JJ., concur. A that the determination is confirmed, without costs, and petition dismissed.