■ In the Matter of JOHN J. HOP WAH, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered January 5, 1989 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Correction officers at the Shawangunk Correctional Facility in Ulster County observed petitioner, an inmate, acting oddly, as if in a drug-intoxicated state. As a result of these observations, petitioner's urine sample was obtained and tested and traces of cannabinoid, a controlled substance, were found. Following a Tier III Superintendent's hearing, at which petitioner maintained the incriminating test results were the product of his use of medication prescribed by the facility's medical staff, petitioner was found guilty of violating inmate rule 113.12 forbidding use of controlled substances, and a disciplinary sanction was imposed. The Superintendent's disposition, administratively appealed by petitioner, was affirmed by the departmental review board and petitioner thereafter commenced this CPLR article 78 proceeding to annul that determination and for related relief.

The thrust of the petition underlying this proceeding is that correction officers acted in contravention of a departmental regulation in that each person handling the sample did not sign the chain of custody section of the request for urinalysis test form. That argument was not made at either the Tier III hearing or when that determination was administratively reviewed. Having failed to raise this issue, which is not of constitutional or statutory dimension, earlier, at a time when it could have been addressed and effectively countered, petitioner waived it *(see, Matter of Law v Racette,* 120 AD2d 846,

847; *Matter of Sanchez v Hoke,* 116 AD2d 871, 872). Moreover, we are not inclined to accept petitioner's assertion, although there is authority for it *(see, Matter of Tal v Scully,* 139 Misc 2d 192), that compliance was not had with the departmental regulation. To the extent pertinent here, the regulation provides that in processing a urine sample, "All persons handling the specimen shall make an appropriate notation under *Chain of Custody* on the request for urinalysis test form" (7 NYCRR 1020.4 [e] [1] [i]). As respondent noted, this does not require that those handling the specimen affix their signature to the form; it is enough that another, a secretary or some other staff member, make the notations on the handler's behalf.

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.