■ In the Matter of HAROLD WOODRICH, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [648 NYS2d 401] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Respondent's determination that petitioner, an inmate at Attica Correctional Facility, possessed a cannabinoid substance in violation of inmate rule 113.12 (7 NYCRR 270.2 [B] [14] [iii]) is supported by substantial evidence (see, Matter of Lahey v Kelly, 71 NY2d 135). There is no merit to petitioner's contention that respondent violated 7 NYCRR 1020.4 (e) (1) (i), which requires that each person handling a urine sample make an appropriate notation on the chain of custody portion of the urinalysis test request form. "[I]t is enough that another, a secretary or some other staff member, make the notations on the handler's behalf" (Matter of Hop Wah v Coughlin, 153 AD2d 999, 1000, lv denied 75 NY2d 705).

Petitioner failed to exhaust his administrative remedies with respect to his contention that, prior to his disciplinary hearing, he was denied access to a memorandum prepared by a correction officer concerning the "non-affect" of certain medications upon the accuracy of the drug test. Thus, we lack discretionary power to review that contention (see, Matter of Nelson v Coughlin, 188 AD2d 1071, appeal dismissed 81 NY2d 834). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.