■ In the Matter of Louis ROMAN, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [760 NYS2d 896] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting possession of a controlled substance and possession of contraband. The evidence presented at his disciplinary hearing included two misbehavior reports. In the first, the reporting correction officer stated that during a pat frisk of petitioner, he discovered a small plastic bag secreted in the front flap of his boxer shorts. Laboratory testing identified the bag's contents as cocaine. In a second misbehavior report, the reporting officer related that he had conducted a search of petitioner's cell and had found, among other things, four disposable razors (three is the permitted number). At the ensuing disciplinary hearing, petitioner pleaded guilty to the charge of

possession of contraband in the form of the unauthorized razor. Substantial evidence was presented to support the determination finding him guilty of the remaining charge of possession of a controlled substance. This took the form of the first misbehavior report, the laboratory test results with accompanying documentation, and the testimony of the correction officers who found the cocaine in petitioner's possession and who conducted the laboratory testing thereon (*see Matter of Martinez v Selsky*, 290 AD2d 789, 790 [2002]; *Matter of Spulka v Selsky*, 277 AD2d 552, 553 [2000], *lv denied* 96 NY2d 703 [2001]).

Contrary to petitioner's representations, we find that the form submitted to request laboratory testing of the contraband (*see* 7 NYCRR 1010.4 [h]) was properly completed and that the information entered thereon was sufficient to satisfy the applicable regulatory requirements (*see* 7 NYCRR 1010.4 [b]). Although the correction officer who confiscated the substance did not personally make a notation on the chain of custody form, "it is enough that another, a secretary or some other staff member, make the notations on the handler's behalf" (*Matter of Hop Wah v Coughlin*, 153 AD2d 999, 1000 [1989], *lv denied* 75 NY2d 705 [1990]). Therefore, an unbroken chain of custody of the confiscated substance was established from the time the correction officer took it from petitioner's possession to the time it was subjected to laboratory testing (*see Matter of Pinkney v Goord*, 302 AD2d 815 [2003]; *Matter of Branch v Selsky*, 298 AD2d 744 [2002]). The remaining issues raised herein have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.