■ In the Matter of DOMINGO BORGES, Appellant, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, et al., Respondents. [761 NYS2d 881] —Appeal from a judgment of the Supreme Court (O'Shea, J.), entered June 14, 2002 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding him guilty of violating a prison disciplinary rule.

After an object in his toothpaste container tested positive for marihuana, petitioner was found guilty of violating the prison disciplinary rule which prohibits possession of a controlled substance. Upon administrative appeal, the penalty was modified and petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal ensued.

Initially, because the petition raises an issue of substantial evidence, the matter should have been transferred to this Court for review pursuant to CPLR 7804 (g) (see Matter of Padilla v Selsky, 300 AD2d 856, 857 [2002]). We will, therefore, treat the matter as if it had been transferred and decide the substantial evidence issue de novo (see id.). We are unpersuaded by petitioner's contention that the drug test results are unreliable because the chain of custody form was not filled out by the individual who handled the contraband. Although the correction officer who confiscated the toothpaste tube did not personally make a notation on that form, " 'it is enough that another, a secretary or some other staff member, make the notations on the handler's behalf' " (Matter of Perez v Goord, 301 AD2d 996, 997 [2003], quoting Matter of Hop Wah v Coughlin, 153 AD2d 999, 1000 [1989], lv denied 75 NY2d 705 [1990]). Accordingly, the positive test results indicating that the substance in the toothpaste tube was marihuana, together with the misbehavior report and testimony at the hearing, provide substantial evidence to support the determination of guilt (see Matter of Laureano v Senkowski, 277 AD2d 613 [2000]).

Neither references during the hearing by the Hearing Officer

regarding the appeal process available to petitioner nor the record as a whole reflects bias or establishes that the outcome of the hearing was a result of any alleged bias on the part of the Hearing Officer (*see Matter of Nicholas v Schriver*, 259 AD2d 863 [1999]). Furthermore, although the first hearing extension expired three days before the second extension was obtained, petitioner has demonstrated no substantive prejudice in the minimal delay (*see Matter of Joyce v Coughlin*, 219 AD2d 777, 778 [1995]; *Matter of Lugo v Coughlin*, 182 AD2d 920 [1992]). Petitioner's remaining contentions, including that he was denied relevant documents and that the hearing transcript is incomplete, have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.