■ In the Matter of ROBERTO OMS, Petitioner, v GLENN S. GOORD, as Commissioner of Social Services, et al., Respondents. [826 NYS2d 858]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was subjected to a search at which time a brown substance ultimately proven to be heroin was found on his person. He was thereafter charged in a misbehavior report with possession of narcotics. Following a tier III disciplinary hearing, he was found guilty of the charge and penalties were imposed. Petitioner exhausted his administrative remedies and then commenced this CPLR article 78 proceeding.

The crux of petitioner's argument is that the correction officer who confiscated the contraband did not personally make a notation on the form which requested testing of the contraband and documented the chain of custody (*see* 7 NYCRR 1010.4). We are unpersuaded. We have repeatedly held that "it is enough that another, a secretary or some other staff member, make the notations on the handler's behalf" (*Matter of Hop Wah v Coughlin*, 153 AD2d 999, 1000 [1989], *lv denied* 75 NY2d 705 [1990]; *see Matter of Borges v McGinnis*, 307 AD2d 489, 489 [2003], *lv denied* 100 NY2d 514 [2003]; *Matter of Roman v Selsky*, 306 AD2d 723, 724 [2003]; *Matter of Perez v Goord*, 301 AD2d 996, 997 [2003]). The misbehavior report, authored by the correction officer who found and confiscated the contraband, and the request for test of suspected contraband form established an unbroken chain of custody of the confiscated contraband. Those two documents and petitioner's admission that the contraband that was confiscated and tested was his, as well as his acknowledgment that the tests performed on the contraband were done properly, provide substantial evidence of the determination of guilt.

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.