■ In the Matter of JOHN DANIELS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [832 NYS2d 318]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for cannabinoids. He was found guilty of the charge following a tier III disciplinary hearing and the determination was confirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, petitioner claims that the request for urinalysis test form did not properly establish the chain of custody because it failed to set forth who had possession of the sample after it was removed from the refrigerator, between testings and before the sample was destroyed. Our review of the form indicates that it adequately complied with the regulatory requirements insofar as those correction officers who handled the sample made the appropriate notations on the form (*see* 7 NYCRR 1020.4 [e] [1] [i]; *see e.g. Matter of Cooper v Selsky*, 20 AD3d 832, 833 [2005]; *Matter of Satchell v Coughlin*, 178 AD2d 795, 796 [1991]). Thus, the Hearing Officer properly determined that the form established an unbroken chain of custody. Because petitioner declined the Hearing Officer's repeated offers to call those correction officers as witnesses so that petitioner could question them as to their custody and control of the sample, his contention that the Hearing Officer circumvented his right to call them as witnesses is belied by the record. Accordingly, the misbehavior report, together with the positive test results and related documentation, provide substantial evidence supporting the determination of guilt (*see Matter of Dziedzic v Goord*, 305 AD2d 826 [2003]). Finally, there is no merit to petitioner's claim that the Hearing Officer was biased or that the determination at issue flowed from any alleged bias (*see Matter of Boatwright v McGinnis*, 24 AD3d 1136, 1137 [2005]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.