■ In the Matter of DESHAWN SMART, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [890 NYS2d 657]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of violating both the prison rule prohibiting the use of controlled substances and the rules governing the family reunion program. The determination of guilt was upheld on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The misbehavior report, the positive test results for the presence of opiates in urine samples taken from petitioner, the supporting documentation and the hearing testimony of the testing officer provide substantial evidence of petitioner's guilt (*see Matter of Smith v Dubray*, 58 AD3d 968, 968 [2009]; *Matter of Webb v Leclaire*, 52 AD3d 1131, 1132 [2008]). Contrary to petitioner's contention, the record reflects that the requisite paperwork regarding the system used to test his urine was included with the misbehavior report (*see* 7 NYCRR 1020.4 [e] [1] [iv]) and in the disciplinary hearing record (*see* 7 NYCRR 1020.5 [a] [1]).

Petitioner also contends that there was a gap in the chain of custody after the samples were removed from the freezer prior to testing. Our review of the information on the urinalysis test form and the testing officer's hearing testimony, however, establishes that the proper chain of custody over petitioner's urine sample was maintained (*see* 7 NYCRR 1020.4 [e] [1] [i]; *Matter of Daniels v Goord*, 38 AD3d 1073, 1073 [2007]). Moreover, petitioner's claim that the proper testing procedures were not followed, in that all persons handling his test samples did not make an appropriate notation on the chain of custody section of the urinalysis form, is unfounded. The testing officer testified that he made a notation on the form at the request of

the officer that actually removed the samples from the storage freezer, and "it is enough that another, a secretary or some other staff member, make the notations on the handler's behalf" (*Matter of Hop Wah v Coughlin*, 153 AD2d 999, 1000 [1989], *lv denied* 75 NY2d 705 [1990]; *accord Matter of Branch v Selsky*, 298 AD2d 744, 744 [2002]).

Cardona, P.J., Peters, Rose, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.