█ In the Matter of JOSEPH FARALDO, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [953 NYS2d 406]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was strip frisked and a small plastic bag containing a green leafy substance fell from his buttocks. The substance later tested positive for marihuana. As a result, petitioner was charged in a misbehavior report with possessing marihuana and smuggling. He was found guilty of the charges following a lengthy tier III disciplinary hearing and the determination was subsequently affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, we find sufficient evidence in the record to establish the required chain of custody of the marihuana. Petitioner contended at the hearing, among other things, that the chain of custody was not properly established because the form purporting to establish the chain of custody was completed by the correction officer who tested the substance and no notations were made by the officer who recovered the marihuana and returned it to the contraband locker as required by 7 NYCRR 1010.4 (b). Although the Hearing Officer erred in disregarding such form (see Matter of Oms v Goord, 36 AD3d 1105, 1106 [2007], lv

*denied* 8 NY3d 811 [2007]; *Matter of Borges v McGinnis*, 307 AD2d 489, 489 [2003], *lv denied* 100 NY2d 514 [2003]; *Matter of Roman v Selsky*, 306 AD2d 723, 724 [2003]), both officers gave detailed testimony concerning the handling and testing of the contraband from the time that it was confiscated until it was returned to the contraband locker, consistent with the testimony of the correction lieutenant who opened the contraband room. This testimony, together with the misbehavior report and related documentation, provide substantial evidence supporting the determination of guilt (*see Matter of Tafari v Selsky*, 77 AD3d 991, 991 [2010], *lv denied* 16 NY3d 706 [2011]; *Matter of Martino v Goord*, 38 AD3d 958, 958 [2007]). Petitioner's claim that the misbehavior report was written in retaliation for grievances he had filed created a credibility issue for the Hearing Officer to resolve (*see Matter of Rampersant v Fischer*, 75 AD3d 1018, 1018 [2010]; *Matter of Johnson v Goord*, 46 AD3d 1038, 1039 [2007]). His remaining contentions have either not been preserved for our review or are lacking in merit.

Peters, P.J., Rose, Spain, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.