Correction officials received anonymous information that petitioner was in possession of and had been smoking marihuana. As a result, a correction sergeant directed two officers to pat frisk petitioner and search his cell. After one of the officers felt a suspicious object in the fly of petitioner’s underwear, petitioner was moved to the barbershop area where he was strip frisked. During the frisk, a partially smoked, hand-rolled cigarette, containing what appeared to be synthetic marihuana that tested positive for amphetamines, was recovered. As a result, petitioner was charged in a misbehavior report with possession of contraband, possession of drugs and smuggling. He was found *982 guilty of the charges following a tier III disciplinary hearing. On administrative appeal, the drug possession charge was dismissed and the penalty modified, but the remainder of the determination was upheld. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and related documentation, together with the testimony of the sergeant and officers involved in the incident, provide substantial evidence supporting the determination of guilt (see Matter of Oliver v Fischer, 107 AD3d 1268, 1268-1269 [2013]; Matter of Faraldo v Bezio, 100 AD3d 1160, 1161 [2012]). While petitioner contends that the strip frisk violated Department of Corrections and Community Supervision Directive No. 4910 because it was not conducted in the presence of a sergeant, we find this argument to be unpersuasive inasmuch as this directive provides that a sergeant “may be present” but does not require that a sergeant actually supervise the frisk (Dept of Corr & Community Supervision Directive No. 4910 [III] [G] [1] [a]). Petitioner further claims that the misbehavior report failed to give him adequate notice of the charges because it misidentified the location of the incident as occurring in his cell instead of the barbershop area. Given that the incident originated at petitioner’s cell, as the report indicates, and was then moved to the barbershop area for the ensuing strip frisk, as mentioned in the body of the report, we find petitioner’s contention unavailing and that the report contained sufficient detail to enable him to prepare a defense (see generally Matter of Modlenaar v Goord, 21 AD3d 1190, 1191 [2005]; Matter of Smith v Portuondo, 309 AD2d 1028, 1028 [2003]; compare Matter of Simmons v Fischer, 105 AD3d 1288, 1289 [2013]). Petitioner’s remaining contentions have been considered and are either unpreserved for our review or are lacking in merit.
Peters, P.J., Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.