Matter of Favreau v Venettozzi (2019 NY Slip Op 05250)





Matter of Favreau v Venettozzi


2019 NY Slip Op 05250


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

527841

[*1]In the Matter of DARREN FAVREAU, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: May 24, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Rumsey, JJ.


Darren Favreau, Gowanda, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
After a pat frisk in the prison yard's gate area detected an unknown object in petitioner's left sock, a correction officer conducted a strip search, which led to the discovery of a 2¾-inch hand-rolled cigarette containing a green leafy substance in petitioner's left sock and a one-inch cellophane-wrapped ball containing a green leafy substance in petitioner's right sock. Subsequent drug testing identified the green leafy substances as synthetic cannabinoids. As a result, petitioner was charged in a misbehavior report with possessing drugs and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty as charged, and the determination was later affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.
We confirm. Initially, the misbehavior report, the positive NARK II test results and related documentation, together with the hearing testimony, provide substantial evidence to support the determination of guilt (see Matter of Moise v Annucci, 168 AD3d 1337, 1338 [2019]; Matter of Duchnowski v Annucci, 168 AD3d 1302, 1302 [2019]; Matter of Young v Rodriguez, 165 AD3d 1338, 1338 [2018]; Matter of Ortiz v Venettozzi, 158 AD3d 865, 865 [2018]). "Moreover, the reasonable inferences to be drawn from that evidence support the smuggling charge" (Matter of Ortiz v Venettozzi, 158 AD3d at 865 [citation omitted]; see Matter of Sanchez v Fischer, 106 AD3d 1361, 1361 [2013]).
Contrary to petitioner's contention, the information in the misbehavior report and on the request for test of suspected contraband drugs forms, as well as the testimony from the testing officer, establish that the proper chain of custody over the drugs was maintained (see 7 NYCRR 1010.4 [a]; Matter of Ballard v Annucci, 170 AD3d 1298, 1300 [2019]; Matter of Moise v Annucci, 168 AD3d at 1338). Moreover, petitioner's due process claim that the proper testing procedures were not followed because the officer who discovered the drugs and authored the misbehavior report did not personally make a notation on the chain of custody forms is without merit. That officer stated in the misbehavior report that he maintained custody of the substances until he turned them over to the testing officer, who in turn testified that he filled out the chain of custody forms in their entirety and that the chain of custody was not broken (see Matter of Smart v Fischer, 67 AD3d 1222, 1222-1223 [2009], lv denied 14 NY3d 705 [2010]; Matter of Oms v Goord, 36 AD3d 1105, 1106 [2007], lv denied 8 NY3d 811 [2007]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Clark, Devine and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.