■ In the Matter of JAMES DAVIS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. [621 NYS2d 126] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of possessing marihuana which was found in two sugar packets tucked in petitioner's socks. Petitioner argues that his regulatory rights were violated; he contends that seized contraband was not promptly secured, that the Hearing Officer interviewed a correction officer off the record and outside his presence, and that he was not permitted to introduce other disciplinary reports to prove a pattern of harassment. The record reveals otherwise. The contraband was retained by the correction officer for a short period to facilitate immediate testing pursuant to 7 NYCRR 1010.4, which testing was completed within 90 minutes of seizure. In addition, the Hearing Officer specifically stated that he did not discuss petitioner's disciplinary proceeding with the correction officer prior to petitioner's entry into the hearing room. Furthermore, petitioner was permitted to testify about his prior interaction with the correction officer generating the subject disciplinary reports. The Hearing Officer correctly held that the actual contents of the reports were not relevant to the instant proceeding and, therefore, properly excluded them from the record *(see, Matter of Sanchez v Irvin, 186 AD2d 996, lv denied 81 NY2d 702)*.

Nor was there error in Supreme Court's discretion when it denied petitioner's motion for a default judgment. The record established that respondent's counsel did not receive the decision and order denying his motion to dismiss and requiring an answer to be served until he received petitioner's

motion. Petitioner's remaining contentions have been examined and rejected as unpersuasive and lacking in merit.

Mercure, White, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.