■ In the Matter of EGAN POWELL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [741 NYS2d 581] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

While the correction officer who authored the misbehavior report was conducting a pat frisk, he discovered in petitioner's front pants pocket a plastic bag containing a green leafy substance. He personally gave the bag, with its contents, to a second correction officer who performed two NIK tests on the substance, both of which yielded positive results for the presence of marihuana. The misbehavior report and the testimony of the two officers constitute substantial evidence that petitioner violated the prison disciplinary rule prohibiting the unauthorized possession of a controlled substance (*see, Matter of Laureano v Senkowski,* 277 AD2d 613; *Matter of Maldonado v Goord,* 270 AD2d 742). Petitioner's assertion of his innocence and that he was the victim of a "sting" operation conducted by correction officers presented an issue of credibility for resolution by the Hearing Officer (*see, Matter of Grof v Goord,* 278 AD2d 650).

We have examined the remaining issues raised by petitioner and find that they are either unpreserved for review or are lacking in merit. In particular, the record supports the conclusion that the determination of petitioner's guilt results from the compelling evidence presented at the hearing and not from Hearing Officer bias (*see, Matter of Nicholas v Schriver,* 259 AD2d 863).

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.