■ In the Matter of ALEX BLACK, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [753 NYS2d 770] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rules that prohibit engaging in violent conduct, creating a disturbance, assaulting staff, refusing a direct order and possessing drugs as alleged in two misbehavior reports. The two misbehavior reports relate that petitioner was seen in the shower area acting suspiciously and, when ordered to leave the area, petitioner was observed trying to stuff something in the shower drain. After petitioner finally complied with the order to step out, two pieces of rubber glove, rolling paper and an unknown substance, later identified by laboratory tests as marihuana, were uncovered in the area where petitioner had been and the items were placed in a bowl. While being escorted out of the area which contained approximately 25 other inmates, petitioner grabbed the bowl from the correction officer, hitting him on the wrist, crumpled it and threw it. Contrary to petitioner's contention, the misbehavior reports and corroborating testimony at the hearing, including that of petitioner, provide substantial evidence to support the determination of guilt (*see Matter of Gladden v Selsky*, 296 AD2d 680; *Matter of Sanchez v Goord*, 290 AD2d 623). Although petitioner maintains that he was not found to be in possession of the marihuana, the testimony regarding his suspicious behavior and that he was the only one in the shower area gives rise to an inference of possession even though access to the area may not have been exclusive (*see Matter of Gladden v Selsky, supra*). Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Peters, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.