■ In the Matter of PAUL DAVILA, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [759 NYS2d 404] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting the unauthorized possession of a controlled substance after a search of his cell disclosed 30 packets containing a substance which was subsequently identified by laboratory testing as heroin. Substantial evidence of petitioner's guilt was presented at the disciplinary hearing in the form of the misbehavior report, the positive test results with accompanying documentation and the testimony of the sergeant who received the packets directly from the correction officer who found them in petitioner's cell and then delivered them to the officer on duty in the facility's laboratory (see Matter of Martinez v Selsky, 290 AD2d 789, 790 [2002]; Matter of Spulka v Selsky, 277 AD2d 552, 552-553 [2000], lv denied 96 NY2d 703 [2001]). The correction officer who conducted the laboratory testing also testified, confirming that he had received the packets from the sergeant and that the tests he performed thereon were positive for the presence of heroin.

Petitioner contends that the form submitted to request testing of the substance found in his cell was improperly completed by correction officers (see 7 NYCRR 1010.4 [b]). Our review discloses, however, that the information entered thereon, as confirmed by the hearing testimony, was sufficient to satisfy the applicable regulations as well as to establish an unbroken chain of custody of the substance confiscated from petitioner's cell (see Matter of Pinkney v Goord, 302 AD2d 815 [2003]). Petitioner's additional assertions, including his contention that

his procedural rights were violated in the course of these proceedings, have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.