■ In the Matter of JOSE ROSARIO, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [772 NYS2d 885]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of two counts each of drug possession and smuggling as charged in two separate misbehavior reports.* The first misbehavior report relates that while a correction officer was conducting a strip search of petitioner, petitioner was ordered to spit out what appeared to be a green object in his mouth. When petitioner failed to comply, a correction sergeant was called and ordered the strip search to continue. As the strip search continued, a green balloon containing small envelopes fell to the floor. The sergeant confiscated the balloon and placed it in a plastic feed-up glove. The substance then was turned over for testing, resulting in a positive result for heroin, at which point it was labeled and placed in an evidence locker. According to the second misbehavior report, petitioner was then escorted to the facility drug watch room where the strip search resumed. Another correction officer, who conducted this portion of the strip search, discovered a balloon secreted in petitioner's anus. The contents of the balloon later tested positive for marihuana, after which it was labeled and placed in an evidence locker.

---

* Petitioner was also charged with, but found not guilty of, refusing a direct order and refusing a frisk.

We are unpersuaded by petitioner's assertion that proper procedures were not followed with respect to the confiscated contraband. Contrary to petitioner's assertion, the record establishes that in both instances the contraband was secured by the respective correction officer for a brief period in order to facilitate immediate testing pursuant to 7 NYCRR 1010.4 and an unbroken chain of custody was documented (*see Matter of Matos v Goord*, 300 AD2d 970 [2002], *lv denied* 99 NY2d 509 [2003]; *Matter of Davis v Coughlin*, 210 AD2d 842, 842 [1994]). We also reject petitioner's assertion that the lack of endorsement by the sergeant, who was present for a portion of each incident, renders the misbehavior report defective. Petitioner has established no prejudice resulting from any alleged deficiency inasmuch as the sergeant signed both misbehavior reports as the area supervisor and testified at the hearing (*see Matter of Torres v Rasy*, 275 AD2d 851, 852 [2000]; *Matter of Huntley v Goord*, 261 AD2d 401, 401-402 [1999]) and, therefore, any error due to a lack of endorsement is harmless. In view of the foregoing, the misbehavior report, positive drug test results and testimony at the hearing provide substantial evidence of petitioner's guilt (*see Matter of Matos v Goord, supra* at 970).

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.