■ In the Matter of RICHARD OTERO, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [779 NYS2d 648]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, correction officers observed petitioner acting suspiciously and directed him to leave his cell. Petitioner did not comply as directed. After placing him in restraints, the officers noticed that petitioner was attempting to swallow an unknown object. Petitioner was forced onto a mattress and, although he initially refused orders to spit the item out of his mouth, he eventually complied. The item was a golf ball sized balloon, the contents of which later tested positive for marihuana. Petitioner was charged in a misbehavior

report with interfering with an employee, refusing to comply with search and frisk procedures, engaging in violent conduct and possessing drugs. He was found guilty of all charges following a tier III disciplinary hearing. The determination of guilt was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, we reject petitioner's claim that a proper foundation was not laid for the admission of the positive drug test results. The documentary evidence, which included, among other things, the test request form, the contraband test procedure form and the evidence locker log, combined with the testimony of the officers who handled the confiscated item before and after testing, adequately established the chain of custody and that the proper drug testing procedures were followed (*see* 7 NYCRR 1010.4; *Matter of Rosario v Selsky*, 5 AD3d 896, 897 [2004]; *Matter of Forestier v Goord*, 289 AD2d 859 [2001]). This, together with the misbehavior report, constituted substantial evidence supporting petitioner's guilt of the charges (*see Matter of Dunn v Selsky*, 7 AD3d 938, 939 [2004]).

To the extent that petitioner claims that he was denied adequate employee assistance because his assistant did not provide him with certain requested documents prior to the hearing, we note that the Hearing Officer corrected such deficiencies by supplying him with the documentation as well as an opportunity to review it, thereby alleviating any prejudice (*see Matter of May v Selsky*, 291 AD2d 591, 592 [2002]). Furthermore, there is no indication on this record that the Hearing Officer was biased or that the determination flowed from any claimed bias (*see Matter of Murphy v Selsky*, 3 AD3d 631, 633 [2004]). We have considered petitioner's remaining contentions and, to the extent that they have been preserved for our review, find them to be without merit.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.