■ In the Matter of JOSEPH MASTROPIETRO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [787 NYS2d 908]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, was charged in a misbehavior report with using a controlled substance after his urine twice tested positive for the presence of opiates. Although the initial determination of guilt rendered after a tier III disciplinary hearing was administratively reversed, a rehearing was ordered after which petitioner was again found guilty of the charge. This determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.*

Initially, we note that inasmuch as the rehearing was conducted within seven days of the receipt by prison officials of the notice ordering it, as provided for in the administrative reversal, it was timely (*see Matter of Rodriguez v Coombe*, 239 AD2d 854, 854 [1997], *lv dismissed* 91 NY2d 907 [1998]). There is no merit to petitioner's claim that the rehearing should have been commenced by a particular hour of the day. Furthermore, we do not find that petitioner was improperly denied certain documents or the right to present the testimony of the facility Superintendent or respondent as this evidence was not relevant to the charge (*see Matter of Burse v Goord*, 274 AD2d 678, 679 [2000]). Finally, contrary to petitioner's claim, there is no indication from the record that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Cliff v Selsky*, 293 AD2d 885, 886 [2002]).

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although a question of substantial evidence was not raised ·in the petition, we will retain jurisdiction of the matter in the interest of judicial economy (*see Matter of Stanislas v Senkowski*, 253 AD2d 972, 973 n [1998]).