In the Matter of FRANK CASERTA, Petitioner, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, et al., Respondents. [798 NYS2d 584]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations which found petitioner guilty of violating prison disciplinary rules and one determination which denied petitioner's request for parole release.

Petitioner, who is currently incarcerated in a state correctional facility, commenced the instant CPLR article 78 proceeding challenging three separate administrative determinations. The first was an October 3, 2003 determination rendered after a tier III disciplinary hearing finding him guilty of gambling, the second was an October 15, 2003 determination after a second tier III disciplinary hearing finding him guilty of using a controlled substance, and the third was a February 25, 2003 determination denying petitioner's request for parole release following a hearing. All three determinations were affirmed on administrative appeal. Supreme Court transferred the proceeding in its entirety to this Court for review.

Regardless of whether Supreme Court properly transferred the proceeding, this Court will nevertheless retain jurisdiction in the interest of judicial economy (*see Matter of Mastropietro v Goord*, 14 AD3d 914, 915 n [2005]). We need not address the merits of petitioner's contentions with respect to the October 15, 2003 prison disciplinary determination, however, as it has been rendered moot by its subsequent administrative reversal and expungement from petitioner's institutional record (*see Matter of McGee v Goord*, 3 AD3d 634 [2004]). Similarly, we need not reach the merits of the February 2003 determination denying petitioner parole release as his reappearance before the Board of Parole in February 2005 renders his challenge to its earlier decision moot (*see Matter of Rivera v Travis*, 8 AD3d 716 [2004]). Thus, the only determination which remains for our consideration is the October 3, 2003 prison disciplinary determination finding petitioner guilty of gambling. We find no merit to his assertion that he was improperly denied the right to be present during the search of his cell as he was not intentionally removed from his cell prior to the search and missed a portion of it only because he was performing the duties of his prison job (*see Matter of Lopez v Selsky*, 300 AD2d 975 [2002], *lv denied* 100 NY2d 509 [2003]). Petitioner's remaining contentions are unavailing.

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the October 3, 2003 determination finding petitioner guilty of gambling is confirmed, without costs, and petition dismissed to that extent. Adjudged that the part of the petition challenging the February 25, 2003 and October 15, 2003 determinations is dismissed, as moot, without costs.