■ In the Matter of HECTOR DIAZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.
[807 NYS2d 730]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

When petitioner was found unresponsive in his cell, correction officials suspected that he had taken an overdose of drugs and transported him to the hospital. Petitioner's cell was searched and two latex balloons filled with 22 smaller packets

containing a powdery substance were recovered. The substance later tested positive for heroin. As a result, petitioner was charged in a misbehavior report with possession of a controlled substance. He was found guilty of the charge following a tier III disciplinary hearing and, upon administrative appeal, the determination of guilt was upheld, but the penalty was modified. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of its author and the documentary evidence, provide substantial evidence supporting the determination of guilt (*see Matter of Davila v Selsky,* 305 AD2d 953, 953 [2003]; *Matter of Anderson v Selsky,* 297 AD2d 867, 867 [2002]). Petitioner's assertion that the drugs were not his and could have been thrown into his cell by another inmate presented a credibility issue for the hearing officer to resolve (*see Matter of Powell v Goord,* 293 AD2d 846, 846 [2002]; *Matter of Brown v Senkowski,* 290 AD2d 906, 907 [2002]). Petitioner's claims that he was denied relevant documentation and that the chain of custody was broken were not raised at the disciplinary hearing and, therefore, are not preserved for our review (*see Matter of Christian v Goord,* 20 AD3d 862, 863 [2005]; *Matter of Torres v Selsky,* 8 AD3d 775, 775 [2004]).

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.