In the Matter of ORLANDO RIOS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [819 NYS2d 622]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

While in the main exercise yard, petitioner was observed acting in a suspicious manner and, consequently, searches of his person and cell were ordered. Two substances suspected to be narcotics were found hidden in his cell. The substances tested positive for heroin and cocaine and, as a result, petitioner was charged in a misbehavior report with violating the prison disciplinary rule that prohibits the possession of drugs. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of the charges and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the determination.

Contrary to petitioner's assertion, the hearing testimony and the contraband test documentation established both an unbroken chain of custody and an adherence to proper procedure (*see* 7 NYCRR 1010.4; *Matter of Otero v Selsky,* 9 AD3d 631, 632 [2004]). Such documentation and testimony also provide substantial evidence to support the finding of guilt (*see Matter of Steward v Goord,* 24 AD3d 1075 [2005]; *Matter of Christian v Goord,* 20 AD3d 862, 863 [2005]; *Matter of Otero v Selsky, supra* at 632). Petitioner's contention that he was impermissibly denied the right to observe his cell search is without merit inasmuch as petitioner was not removed from his cell prior to the search. Thus, his presence during the search was not required (*see Matter of Caserta v Travis,* 20 AD3d 798, 799 [2005]; *Matter of Campoverde v Selsky,* 9 AD3d 722, 723 [2004]; *Matter of Lopez v Selsky,* 300 AD2d 975 [2002], *lv denied* 100 NY2d 509 [2003]). Finally, the Hearing Officer properly denied petitioner's request to call certain witnesses since those witnesses had no personal knowledge of the incident. Their testimony, therefore, would have been irrelevant (*see Matter of Trammell v Selsky,* 10 AD3d 787, 788-789 [2004]; *Matter of Green v McGinnis,* 281 AD2d 671 [2001]).

To the extent that petitioner's remaining contentions have been preserved, they have been reviewed and determined to be without merit.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.