■ In the Matter of CARLOS ORTIZ, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [907 NYS2d 524]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After his urine twice tested positive for the presence of cannabinoids, petitioner was issued a misbehavior report charging him with the use of a controlled substance. He was found guilty following a tier III disciplinary hearing. Petitioner's administrative appeal was unavailing, after which he commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, positive test results and testimony of the testing officer, along with petitioner's admission during the hearing that he smoked marihuana, provide substantial evidence to support the determination (*see Matter of Covington v Smith*, 63 AD3d 1453, 1454 [2009], *lv denied* 13 NY3d 709 [2009]; *Matter of Smith v Dubray*, 58 AD3d 968, 968-969 [2009]). Additionally, we find that the chain of custody was sufficiently established by the testing forms and the testing officer's hearing testimony (*see* 7 NYCRR 1020.4 [e] [1] [i]; *Matter of Smart v Fischer*, 67 AD3d 1222, 1222 [2009], *lv denied* 14 NY3d 705 [2010]). Furthermore, contrary to petitioner's contention, all of the necessary documentation required to support the admission of the positive test results into evidence is contained in the record and any alleged errors in the daily worksheets were of no moment, as the calibration slips printed directly from the testing machine showing positive tests contained petitioner's correct identification number (*see* 7 NYCRR 1020.4 [e] [1] [iv]; 1020.5 [a] [1]; *Matter of Johnson v Fischer*, 73 AD3d 1369, 1370 [2010]).

Turning to his procedural contentions, we find that petitioner was not improperly denied the right to call a witness, as the rec-

ord reflects that the witness had no direct knowledge regarding petitioner's positive test results (*see Matter of Williams v Fischer*, 69 AD3d 1278, 1278-1279 [2010]; *Matter of Brown v Taylor*, 62 AD3d 1230, 1232 [2009]). Further, our review of the record demonstrates that the determination of guilt was the result of petitioner's admissions and the evidence presented against him, rather than any alleged hearing officer bias (*see Matter of Bermudez v Fischer*, 71 AD3d 1361, 1361-1362 [2010]; *Matter of Pettus v New York State Dept. of Correctional Servs.*, 70 AD3d 1164, 1164 [2010]).

We have examined petitioner's remaining contentions and find them to be either unpreserved or unpersuasive.

Cardona, P.J., Rose, Lahtinen, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.