■ In the Matter of INJAH TAFARI, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [912 NYS2d 462]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered October 1, 2008 in Clinton County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

As relevant to this appeal, petitioner, a prison inmate, was served with a misbehavior report in January 2008 charging him with various disciplinary infractions. The misbehavior report resulted from an incident in which he was ordered to submit to a strip frisk in preparation for a trip outside the facility and, in addition to refusing the frisk, petitioner became loud and profane with several correction officers. Following a tier III disciplinary hearing, petitioner was found guilty of refusing to comply with frisk procedures, refusing a direct order and creating a disturbance, but not guilty of making threats, and that determination was affirmed on administrative review. Thereafter, petitioner commenced this CPLR article 78 proceeding and Supreme Court dismissed the petition. This appeal ensued.

We affirm. Petitioner's primary contention on this appeal is that the Hearing Officer erred in depriving him of two inmate witnesses. However, where inmate witnesses have not previously agreed to testify and the reason for their refusal is apparent from the record, it cannot be said that an inmate has been deprived of the right to present witnesses (*see Matter of McFadden v Venettozzi*, 65 AD3d 1401, 1402 [2009]; *Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]). Here, the inmate assistance form, signed by petitioner, indicated that inmates Sanchez and Hernandez refused to testify. Moreover, the record contained witness refusal forms for the two inmates indicating that neither had knowledge of the incident. We also reject petitioner's contention that the Hearing Officer was biased, finding, instead, that the determination of guilt was based upon the evidence

presented at the hearing (*see Matter of Gourdine v Venettozzi*, 76 AD3d 736 [2010]; *Matter of Ortiz v Fischer*, 75 AD3d 1042, 1043 [2010]).

Mercure, J.P., Spain, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.