■ In the Matter of VARREL MITCHELL, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [916 NYS2d 847]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Livingston Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

A search of petitioner's prison cube revealed various items including beard trimmers, an electric shaver and a lamp, all with altered identification numbers, two hot pots with identification numbers other than petitioner's and two pens with the tips removed and replaced with melted metal to resemble screwdrivers. As a result, he was served with a misbehavior

---

report charging him with the possession of altered items and unauthorized exchange of personal property. Petitioner was found guilty of both charges following a tier II disciplinary hearing and his administrative appeal was unavailing, prompting him to commence this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, along with petitioner's admission that he possessed many of the items alleged, provide substantial evidence to support the determination of guilt (*see Matter of Tafari v Selsky*, 76 AD3d 1144, 1145 [2010]; *Matter of Ortiz v Fischer*, 75 AD3d 1042, 1042 [2010]). Contrary to petitioner's contention, he had no right to observe the search, as he was at his work detail in the gymnasium at the time, rather than having been removed from his quarters before the search (*see* Dept of Correctional Servs Directive No. 4910 [V] [C] [1]; *Matter of Rios v Selsky*, 32 AD3d 632, 633 [2006]; *Matter of Caserta v Travis*, 20 AD3d 798, 799 [2005]). Finally, our review of the record reveals that the determination resulted from the evidence presented at the hearing, rather than hearing officer bias (*see Matter of Lamphear v Fischer*, 76 AD3d 1166 [2010]; *Matter of Ortiz v Fischer*, 75 AD3d at 1043).

We have examined petitioner's remaining contentions and find them to be either unpreserved or unpersuasive.

Cardona, P.J., Peters, Rose, Malone Jr. and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.