In the Matter of ANTHONY FRAGOSA, Petitioner, v HENRY MOORE, as Hearing Officer at Sullivan Correctional Facility, Respondent. [939 NYS2d 668]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

A correction officer observed petitioner acting suspiciously and ordered him to place his hands on the wall for a pat frisk. Although petitioner initially hesitated, he eventually complied, but then attempted to reach into the right front pocket of his pants. The officer put petitioner in a body hold and, after placing him in mechanical restraints, reached into petitioner's pocket and recovered a small piece of wax paper containing a brown colored substance that tested positive for heroin. The officer also found two pieces of wire and a three-band stereo equalizer. Petitioner was then ordered to undergo a urinalysis test, but failed to provide a urine specimen for testing within a three-hour period. As a result of the foregoing, petitioner was charged in three misbehavior reports with numerous prison disciplinary rule violations. Following a tier III disciplinary hearing on the charges contained in all of the reports, he was found guilty of creating a disturbance, possessing an altered item, interfering with an employee, refusing a direct order (two counts), refusing a frisk, possessing drugs and violating urinalysis testing procedures. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

Contrary to petitioner's claim, we do not find that there are significant gaps in the hearing transcript that preclude meaningful review (*see Matter of Machicote v Bezio*, 87 AD3d

763, 764 [2011]; *Matter of Sital v Fischer*, 72 AD3d 1306, 1307 [2010], *lv dismissed* 15 NY3d 823 [2010]; *Matter of Abreu v Bezio*, 71 AD3d 1341, 1342 [2010], *appeal dismissed* 15 NY3d 836 [2010]). Upon perusing the record, we conclude that the testimony adduced at the hearing, together with the three misbehavior reports, positive test results and related documentation, provide substantial evidence supporting the determination of guilt (*see Matter of Davis v Prack*, 58 AD3d 977, 977 [2009]; *Matter of Martino v Goord*, 38 AD3d 958, 958 [2007]). The conflicting testimony of petitioner and his inmate witness presented a credibility issue for the Hearing Officer to resolve (*see Matter of Truman v Fischer*, 75 AD3d 1019, 1020 [2010]; *Matter of Bosquet v Bezio*, 69 AD3d 1257, 1258 [2010]).

We are also unpersuaded by petitioner's claim that the chain of custody of the contraband was not properly established (*see Matter of Martino v Goord*, 38 AD3d at 958-959; *Matter of Rios v Selsky*, 32 AD3d 632, 633 [2006]). While petitioner contends that the request for test form was not properly completed, our review indicates that it complied with the regulatory requirements (*see* 7 NYCRR 1010.4) and the 45-minute delay between the recovery and testing of the contraband was adequately explained by the correction officer who recovered it and indicated that it was in his possession the entire time. Likewise, it was not necessary for the bottom portion of the chain of evidence form to be completed as none of the substance was left after testing that required disposal. Petitioner's remaining contentions are either lacking in merit or unpreserved for our review because they are raised for the first time before this Court. Therefore, the determination must be confirmed.

Rose, J.P., Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.