*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   March 10, 2016                    521592
_____

In the Matter of DAVID PRICHER,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   January 19, 2016

Before:   Peters, P.J., Garry, Lynch and Devine, JJ.

_____

        David Pricher, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging a prison disciplinary determination rendered upon two misbehavior reports. The first report charged him with violent conduct, assault, refusing to follow a direct order, failure to comply with frisk procedures and interfering with an employee, after he became involved in a physical altercation with correction officers during a strip search. The second report charged him with possessing drugs and possessing contraband, after petitioner spit four balloons out of his mouth during the strip search — two of which contained cigarette

rolling papers and matches and the other two contained a green leafy substance that tested positive for marihuana. Following a tier III disciplinary hearing on both reports, petitioner was found guilty as charged and this determination was affirmed on administrative appeal.

We confirm. Initially, to the extent that petitioner raises the issue of substantial evidence, we find that the misbehavior reports, hearing testimony and related documentation, including the positive test results, support the determination of guilt (see Matter of Fragosa v Moore, 93 AD3d 979, 980 [2012]; Matter of Black v Goord, 302 AD2d 648, 648 [2003]).

Turning to petitioner's procedural challenges, the record reflects that the misbehavior reports were properly endorsed (see 7 NYCRR 251-3.1 [b]; Matter of Lindo v Fischer, 72 AD3d 1295, 1296 [2010]) and sufficiently detailed to allow him to prepare an adequate defense (see 7 NYCRR 251-3.1 [c]; Matter of Basbus v Prack, 112 AD3d 1088, 1088 [2013]; Matter of Hernandez v Prack, 108 AD3d 965, 966 [2013]). Accordingly, contrary to petitioner's contention, the misbehavior reports were not defective because they failed to reference the confidential information that prompted the initial search (see Matter of Horne v Fischer, 98 AD3d 788, 789 [2012]; Matter of Muller v Fischer, 62 AD3d 1191, 1191-1192 [2009]). Any deficiency in his employee assistance was cured by the Hearing Officer, who provided petitioner with the documents that he had requested (see Matter of Lashway v Fischer, 117 AD3d 1141, 1142 [2014]; Matter of Hart v Fischer, 89 AD3d 1357, 1358 [2011], lv denied 18 NY3d 808 [2012]). Finally, there is no indication in the record that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Dolan v Annucci, 120 AD3d 870, 871 [2014]). Petitioner's remaining contentions are either unpreserved or lack merit.

Peters, P.J., Garry, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court