## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 16, 2016                521758
_____

In the Matter of MARCUS
    ANTHONY MICOLO,
                    Appellant,

            v                          MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Peters, P.J., McCarthy, Rose, Clark and Aarons, JJ.

_____

        Marcus Anthony Micolo, Dannemora, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Hard, J.),
entered July 8, 2015, which dismissed petitioner's application,
in a proceeding pursuant to CPLR article 78, to review a
determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        During a random pat frisk of petitioner, he was discovered
in possession of two partially crushed pills of percocet that he
was supposed to have consumed earlier that day when it was given
to him at the medical window.  As a result, he was charged in a
misbehavior report with possessing an authorized item in an
unauthorized area, possessing a narcotic and smuggling.
Following a tier III disciplinary hearing, petitioner was found
guilty as charged.  The determination was affirmed upon

administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Although, before Supreme Court, petitioner did not have access to the certified hearing transcript because respondent inadvertently submitted it as a confidential exhibit with its answer, petitioner has now received the complete certified transcript. We discern no prejudice and, thus, any error will be disregarded (see CPLR 7804 [e]; Matter of Smith v Quinn, 120 AD3d 1509, 1510 [2014]; Matter of Cliff v Kingsley, 293 AD2d 954, 955 [2002]). We reject petitioner's contention that he was disciplined in violation of Correction Law § 138, as he does not allege that he has never received a copy of the rules at issue and, moreover, the record establishes that he had actual knowledge that the conduct he engaged in was prohibited (see Correction Law § 138 [3], [5]). Further, petitioner was properly removed from the hearing where, after being told to stop interjecting during a witness's testimony and warned that he would be removed, he continued to engage in disruptive and argumentative behavior (see 7 NYCRR 254.6 [a] [2]; Matter of Garcia v Prack, 128 AD3d 1244, 1245 [2015]). Finally, petitioner's claim that the Hearing Officer improperly denied his request for a certain witness is unpersuasive, as the record establishes that petitioner never clearly made such a request. Petitioner's remaining contentions are either unpreserved or lack merit.

Peters, P.J., McCarthy, Rose, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court