Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Following a post-visit strip search, correction officials suspected that petitioner was hiding something in his rectum and placed him on a one-on-one contraband watch. One correction officer was searching petitioner’s cell during the watch, while another correction officer noticed that petitioner had an object in his mouth and ordered him to spit it out. Petitioner complied, and the officer recovered two black balloons containing a green leafy substance that later tested positive for marihuana. As a result, petitioner was charged in a misbehavior report with possessing a controlled substance, smuggling and violating visiting room procedures. Following a tier III disciplinary hearing, he was found guilty of the first two charges, but not the third. The determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.
Petitioner contends, among other things, that a proper foundation was not laid for the admission of the positive test results because the testing officer failed to make notations on the chain of custody portion of the request for test of suspected contraband drug form, as required by 7 NYCRR 1010.4 (b). The record discloses that the testing officer’s name appeared on this form as the individual who administered the test and that he signed the contraband test procedure form detailing the protocol followed. It was established at the hearing that *1407 the testing officer did not complete the chain of custody portion of the request for test form because he did not handle the balloons containing the substance; rather, he obtained a sample while the balloons remained in the possession of the officer who confiscated and later disposed of them. Under these circumstances, we find that there was satisfactory compliance with the regulatory requirements (see Matter of Fragosa v Moore, 93 AD3d 979, 980 [2012]; Matter of Davila v Selsky, 305 AD2d 953, 953 [2003]). Significantly, the positive test results and related documentation, together with the misbehavior report and hearing testimony, provide substantial evidence to support the determination of guilt (see Matter of Pricker v Annucci, 137 AD3d 1406, 1406-1407 [2016]; Matter of Roman v Selsky, 306 AD2d 723, 724 [2003]).
Petitioner further asserts that the misbehavior report did not comply with the requirements of 7 NYCRR 251-3.1 (b) because it was not endorsed by other correction officers and a sergeant who had personal knowledge of the facts providing the basis for the report. Although the author of the misbehavior report admitted that he failed to obtain these endorsements, petitioner has not demonstrated that he was prejudiced by the omission, inasmuch as these individuals testified at the hearing (see Matter of Cane v Fischer, 115 AD3d 1097, 1098 [2014]; Matter of Sorrentino v Fischer, 101 AD3d 1210, 1211 [2012], lv denied 20 NY3d 862 [2013]; Matter of Williams v Goord, 31 AD3d 1086, 1087 [2006]). We find petitioner’s remaining contentions to be without merit, including his claim that he was improperly removed from the hearing (see Matter of Micolo v Annucci, 140 AD3d 1442, 1443 [2016]; Matter of Garcia v Prack, 128 AD3d 1244, 1245 [2015]).
McCarthy, J.P., Garry, Egan Jr., Clark and Aarons, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.