Matter of Reeves v Annucci (2018 NY Slip Op 00507)





Matter of Reeves v Annucci


2018 NY Slip Op 00507


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

525224

[*1]In the Matter of ROBERT REEVES, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: December 13, 2017

Before: Garry, P.J., Lynch, Devine, Clark and Rumsey, JJ.


Robert Reeves, Romulus, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
On October 10, 2016, petitioner was found unconscious and unresponsive in his cell and a medical emergency was declared. After petitioner was taken to the facility hospital, a correction officer searched petitioner's cell and discovered a brown, powdery substance wrapped in layers of paper; this substance subsequently tested positive for the presence of amphetamines. As a result, petitioner was charged — on that date — in a misbehavior report with drug use and drug possession. When petitioner returned to his cell two days later, a correction officer interviewed him, and petitioner admitted that he had
discovered a folded piece of paper containing a brown, powdery substance — that he knew was "some kind of drug" — in a common area and had ingested the substance. Thereafter, petitioner was charged in a second misbehavior report dated October 12, 2016 with drug use and drug possession. When the resulting tier III disciplinary hearing commenced, petitioner pleaded guilty under both misbehavior reports to drug possession and not guilty to drug use. At the conclusion of the hearing, petitioner was found guilty of all charges and a penalty was imposed. Petitioner's subsequent administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge respondent's determination.
Preliminarily, respondent concedes that the drug use and possession charges set forth in [*2]the two misbehavior reports are duplicative because both sets of charges arose out of the same incident, that the determination of guilt resulting from the October 10, 2016 misbehavior report should be annulled and all references thereto expunged from petitioner's institutional record. Because the penalty imposed included a recommended loss of good time, this matter must be remitted for a redetermination of the penalty (see Matter of Wallace v Annucci, 153 AD3d 1499, 1500 [2017]). Accordingly, respondent's determination is modified to that extent.
Turning to the October 12, 2016 misbehavior report, petitioner's plea of guilty to the charge of drug possession precludes him from now challenging the evidentiary basis for that charge (see Matter of Doolittle v Kirkpatrick, 153 AD3d 1490, 1490-1491 [2017]; Matter of DeJesus v Venettozzi, 145 AD3d 1275, 1276 [2016], lv denied 29 NY3d 908 [2017]). As to the sole remaining charge of drug use, we find that the misbehavior report itself, the testimony of its author, who recounted petitioner's admission that he ingested a substance that he knew to be some type of drug, and the positive test results provide substantial evidence to support the determination of guilt (see Matter of Rodriguez v Venettozzi, ___ AD3d ___, ___, 2017 NY Slip Op 08588, *2 [2017]; Matter of Mitchell v Venettozzi, 148 AD3d 1406, 1407 [2017]; Matter of Reese v Prack, 105 AD3d 1236, 1236 [2013]). Although petitioner denied admitting that he had ingested the substance found in his cell, stating instead that he only "tasted it," this presented a credibility issue for the Hearing Officer to resolve (see Matter of Boitschenko v Annucci, ___ AD3d ___, ___, 2017 NY Slip Op 08761, *2 [2017]; Matter of Weekes v Prack, 129 AD3d 1430, 1431 [2015]). Petitioner's remaining contentions, including his challenge to the chain of custody, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Devine, Clark and Rumsey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of drug use and drug possession as charged in the misbehavior report dated October 10, 2016 and as imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to these charges from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed upon the remaining violations; and, as so modified, confirmed.