Matter of Joseph v Polizzi (2018 NY Slip Op 08605)





Matter of Joseph v Polizzi


2018 NY Slip Op 08605


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526585

[*1]In the Matter of JEFFREY JOSEPH, Petitioner,
v
ANTHONY POLIZZI, as Inmate Disciplinary Hearing Officer, et al., Respondents.

Calendar Date: October 26, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and 

Pritzker, JJ.

Jeffrey Joseph, Dannemora, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with assaulting staff, refusing a direct order, engaging in violent conduct, refusing a strip search, possessing a weapon, possessing drugs and tampering with property. The charges stem from the discovery of a green leafy substance — later identified as marihuana — and a scalpel wrapped in tape hidden in the seam of petitioner's boxer shorts and an ensuing struggle between petitioner and correction officers after petitioner lunged at a correction officer and snatched away the boxer shorts. Following a tier III disciplinary hearing, petitioner was found guilty of all charges, with the exception of assaulting staff and refusing a direct order. Upon administrative appeal, the penalty imposed was modified but the determination was otherwise affirmed. Petitioner then commenced this CPLR article 78 proceeding.
We confirm. Contrary to petitioner's contention, the misbehavior report, related documentation, testimony from correction officers present during the incident and a complete video recording of the incident provide substantial evidence to support the determination of guilt (see Matter of Young v Rodriguez, 165 AD3d 1338, 1338 [2018]; Matter of Mitchell v Venettozzi, 148 AD3d 1406, 1407 [2017]). Petitioner's contention that proper procedures were not followed with regard to the chain of custody of the contraband is without merit. The chain of custody forms, as well as the misbehavior report and related documentary evidence, establish a secure and unbroken chain of custody (see Matter of Perez v Polizzi, 160 AD3d 1319, 1319-1320 [*2][2018]; Matter of Rosario v Selsky, 5 AD3d 896, 897 [2004]). The fact that the notations on the forms may not have been personally written by each correction officer does not render the chain of custody unreliable (see Matter of Oms v Goord, 36 AD3d 1105, 1106 [2007], lv denied 8 NY3d 811 [2007]). We are also not persuaded by petitioner's contention that he was improperly removed from the hearing, as the record reflects that petitioner continued to interrupt and be argumentative with the Hearing Officer despite repeated warning that such conduct could lead to petitioner's removal from the hearing (see Matter of McMaster v Rodriguez, 159 AD3d 1173, 1174 [2018]; Matter of Micolo v Annucci, 140 AD3d 1442, 1443 [2016]).
To the extent that petitioner asserts that he was denied the right to call various witnesses, we find his contention to be without merit. We note that petitioner did not identify any potential witnesses on his inmate assistance form. Although the record reflects that petitioner made a general request during the hearing that "each and every officer" be called as a witness, petitioner was removed from the hearing for his disruptive behavior before the witnesses or the relevance of their testimony could be ascertained in order for the Hearing Officer to determine whether such witnesses were relevant or if the testimony would be redundant. Furthermore, the record reflects that petitioner was aware of the identity of numerous correction officers present during the incident, as they were identified either in the misbehavior reports, in related documentation or during the hearing. Nevertheless, petitioner failed to indicate which of the correction officers he wished to be called as witnesses. Under these circumstances, we find that petitioner failed to preserve this claim (see Matter of Barnes v Venettozzi, 135 AD3d 1250, 1251 [2016]).
Further, we find no error in the Hearing Officer denying as irrelevant testimony from the deputy director of security regarding the results of another inmate's disciplinary hearing (see Matter of Foster v Prack, 144 AD3d 1287, 1288 [2016]). Finally, petitioner's contention that the Hearing Officer was biased is belied by the record, which reflects that the determination of guilt resulted from the evidence presented and not from any alleged bias on the part of the Hearing Officer (see Matter of Horton v Annucci, 163 AD3d 1385, 1386 [2018]). Petitioner's remaining contentions have been reviewed and found to be without merit.
McCarthy, J.P., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.