*Williams v. Chuttey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> CHRISTOPHER F. DRONEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

––––––––––––––––––––––––––––––––––––

WONDER WILLIAMS,

> *Plaintiff-Appellant*,

v.                                                                              No. 18-853

BRIAN CHUTTEY, CAPTAIN, AUBURN CORRECTIONAL FACILITY, HAROLD GRAHAM, SUPERINTENDENT, AUBURN CORRECTIONAL FACILITY, ALBERT PRACK, DIRECTOR OF SPECIAL HOUSING,

> *Defendants-Appellees*.

––––––––––––––––––––––––––––––––––––

FOR PLAINTIFF-APPELLANT:              Wonder Williams, *pro se*, Marcy, NY.

FOR DEFENDANTS-APPELLEES:        Victor J. Paladino, Jennifer L. Clark, Assistant Solicitors General, *for* Letitia A. James, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Wonder Williams, *pro se*, sued prison officials at the Auburn Correctional Facility under 42 U.S.C. § 1983 for violating his due process rights. He alleges that he was denied due process during a disciplinary hearing by a hearing officer who (1) denied his request to call certain witnesses, (2) adjudged him guilty without sufficient evidence, (3) issued an inadequate written disposition of the charges against him, and (4) prejudged the outcome of the proceeding. A magistrate judge recommended that the district court grant summary judgment in favor of defendants. The district court adopted the recommendation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and determine whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012).

To make out a claim under § 1983 for denial of due process arising out of a disciplinary hearing, a plaintiff must establish that he (1) possessed an actual liberty interest and (2) was deprived of that interest without being afforded sufficient process. *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004). "To be actionable, the liberty interest must subject the prisoner to 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Vega v. Lantz*, 596 F.3d 77, 83 (2d Cir. 2010) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Once a prisoner makes a threshold showing of atypical and significant confinement, or where questions of fact exist as to whether a prisoner was deprived of a liberty interest, the court should determine whether that

2

prisoner was afforded the minimum requirements of due process prior to that confinement. *See Wolff v. McDonnell*, 418 U.S. 539, 557–58 (1974). While "due process protections afforded a prison inmate do not equate to 'the full panoply of rights' due to a defendant in a criminal prosecution[,] . . . an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (quoting *Wolff*, 418 U.S. at 556).

### A. Denial of Witnesses

The district court properly granted summary judgment to defendants with respect to Williams's claim that Captain Brian Chuttey improperly refused to testify as a witness. Prisoners have the right to call witnesses during disciplinary hearings, but that right is not absolute. *See Holland v. Goord*, 758 F.3d 215, 224-5 (2d Cir. 2014). Prison officials may refuse to call witnesses for a variety of reasons, including that the proffered testimony is duplicative or irrelevant. *Id.* at 225.

Chuttey's refusal to testify in this case did not violate Williams's due process rights. Chuttey was not involved in the events giving rise to Williams's disciplinary hearing. And although Williams argues that Chuttey's knowledge of Auburn's institutional rules was relevant and that Williams should have been permitted to call him as a witness to testify on certain legal questions, Chuttey's knowledge of the rules was not *factual* information relevant to the question of whether Williams was guilty. *See* 7 N.Y.C.R.R. § 270.3(a) ("[D]isciplinary hearings serve the purpose of determining allegations of rule violations contained in misbehavior reports[.]").

3

### B. Sufficiency of the Evidence

There was also sufficient evidence to find Williams guilty of the disciplinary charges. To meet "the minimum requirements of procedural due process," a prison disciplinary decision must be "supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citation omitted). There is no requirement that courts reweigh evidence or examine the entire record; instead, the relevant question is whether there is any reliable evidence in the record that could support the conclusion reached by the disciplinary board. *See id.* at 455–56; *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004).

Here, Williams was charged with violating Rule 113.22, which prohibits an inmate from "possess[ing] an article in an area where its use or possession i[s] prohibited," and Rule 114.10, which prohibits an inmate from "smuggl[ing] or attempt[ing] to smuggle . . . any item in or out of the facility or from one area to another." 7 N.Y.C.R.R. § 270.2. Under New York's regulations, any "attempts or conspiracies to violate institutional rules of conduct . . . will be punishable to the same degree as violators of such rules." *Id.* § 270.3(b). Attempt is defined as "[a]ny act which constitutes a step in a course of conduct which would result in an act of misbehavior." *Id.* § 270.3(b)(1). The evidence at the hearing showed that Williams admitted having candy in his pockets after visiting his locker. It further showed that a corrections officer found the candy when frisking Williams before transporting Williams back to his cell in the SHU. Accordingly, Williams still had candy in his pockets after visiting his locker and when he was about to be taken to his cell.

Williams argues there was insufficient evidence to support the Rule 114.10 charge because he was still within the SHU "area" of the prison when he had the candy and he would have remained in the same "area" when taken to his cell. But Williams cites no support for this construction of the smuggling rule, and New York courts have upheld similar smuggling charges where prisoners have kept items on their person that they had been authorized to have only in a specific location. *Cf.*

4

*Micolo v. Annucci*, 140 A.D.3d 1442, 1442–43 (N.Y. App. Div. 2016) (affirming against a procedural challenge a smuggling charge where prisoner was found with medication that he was supposed to have consumed earlier in the day at the medical window).

### C. Sufficiency of the Written Disposition

Williams's argument that the written disposition failed to specifically address his Rule 113.22 charge is similarly meritless. Although the disposition must include the evidence the factfinder relied on and the reasons for the disciplinary action so that there is a written record of the proceedings for future review or litigation, *see Wolff*, 418 U.S. at 564-65, here, the written disposition sufficiently addressed Williams's charges by making clear that the act of smuggling and possessing items in unauthorized areas of the SHU is a serious infraction and that the evidence supported a finding that Williams had done this.

### D. Impartial Hearing Officer

Williams also challenges Chuttey's impartiality. "An inmate subject to a disciplinary hearing is entitled to an impartial hearing officer." *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996). "[I]t is axiomatic that a prison disciplinary hearing in which the result is arbitrarily and adversely predetermined violates this right." *Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir. 1989). Here, Williams points to inappropriate statements that Chuttey allegedly made regarding Williams's likelihood of prevailing in his disciplinary hearing. But these statements are not sufficient to establish that Chuttey prejudged Williams's case, since Williams conceded the factual predicates of his offense at the outset of the proceedings, *see* Tier III Hearing of Wonder Williams at 13, Ex. B, Dkt. 34-6 ("[T]hey calling something contraband that saying I was unauthorized to have something that was contraband when I was authorized to have some contraband."); *id.* ("I was authorized to have the item."); *id.* at 20 (agreeing that the allegations were accurate), and the inappropriate comments Chuttey allegedly made occurred during an adjournment *after* Williams's

5

concession on October 26, 2012, *see* Williams Aff. ¶ 31, Dkt. 40-1 (stating that "during the hearing" on October 26, "the tape was cut off . . . [and] Chuttey informed me that he already had his mind set to determine me guilty"); Tier III Hearing at 27 (ordering adjournment at the end of the October 26 hearing after Williams testified). Because, at the time of Chuttey's alleged comments, Williams had already made clear that his defense was not based on a factual dispute but on his interpretation of the prison rule, Chuttey could not arbitrarily and adversely prejudge the evidence. Thus, this argument is also meritless.

We have reviewed the remainder of Williams's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6